654 So.2d 254 (1995)
INTERLATIN SUPPLY, INC., Appellant,
v.
S & M FARM SUPPLY, INC., et al., Appellees.
Nos. 93-1871, 93-2187.
District Court of Appeal of Florida, Third District.
April 26, 1995.
Lyons and Farrar, Coral Gables, for appellant.
Arthur Joel Berger, Miami, Kitchen, Judkins, Simpson & High, Tallahassee, for appellees.
Before NESBITT, COPE, and GERSTEN, JJ.
NESBITT, Judge.
Interlatin Supply, Inc., appeals an order of dismissal without prejudice that dismissed its complaint, which claimed a) breach of express warranty, b) breach of implied warranty of merchantability, and c) breach of implied warranty of fitness for a particular purpose. The complaint sought damages for defective cantaloupe seeds Interlatin had purchased at retail from S & M Farm Supply, Inc., as seller, and Northrup King Co., as producer and supplier of the seeds. In the complaint, Interlatin related that after having acquired the seeds, it "delivered the seeds to Del Fargo, S.A., an agricultural company in Panama to grow honeydew on their behalf." The defendants directed motions to dismiss which alleged that the plaintiff had failed to comply with section 578.26, Florida Statutes (1991), by not filing an administrative complaint against the defendants with the Florida Department of Agriculture for resolution by the Seed Investigation and Conciliation Council, an adjunct of the Department of Agriculture. The trial judge granted the defendants' motion to dismiss, without prejudice, explicitly and solely predicating the dismissal on that ground. Interlatin appeals, and we reverse with directions.
Interlatin argues that it is not a "farmer," and is not subject to the requirements of section 578.26, and thus should be allowed to proceed with litigation. Implicit in the trial judge's dismissal was the determination that *255 Interlatin was a "farmer" under section 578.26, such that as a prerequisite to its right to maintain a legal action against the defendants, it must first file a sworn complaint with the Department of Agriculture alleging the damages sustained. We agree with the trial court's reasoning but not with its procedural disposition of the cause.
A partial history of the specific statute indicates that in the 1957 revision, the term "ultimate purchaser" was deleted and the term "farmer" substituted. The same revision defined a "farmer" as "any person engaged in the business of growing agricultural or vegetable crops" or to mean "any person engaged in the business of growing agricultural or vegetable seed." The current version of the statute does not contain a definition for "farmer." However, because there is no indication in the statute or legislative history that the legislature intended any different definition to apply, we look to the common, ordinary dictionary meaning of the word "farmer": "to cultivate or produce a crop," The American Heritage Dictionary, 491 (2d ed. 1982); "person who cultivates land or crops or livestock; to engage in raising crops or livestock," Webster's Seventh New Collegiate Dictionary 303 (7th ed. 1963).
Applying these definition to Interlatin, although the company argued it was not a farmer, its own pleadings demonstrate that it did, in fact, fit that classification and thus was subject to the requirements of section 578.26. Interlatin admitted that it selected the seeds from a Florida supplier, it hired a grower "on its behalf" to plant, nurture, and harvest the melon crop so that Interlatin could, in turn, sell the fruit on the open market. It admitted it did not buy the seeds as a market intermediary in order to resell the seeds to the Panamanian grower, but bought the seeds in order to produce the melon crop. Because the seeds were sold and purchased in Florida, the fact that the seeds were ultimately grown in Panama by a Panamanian company is not controlling.
Section 578.26 provides that when a farmer is damaged by the failure of agricultural seed to perform as represented by the required seed label, the farmer shall make a sworn complaint against the dealer alleging the damages sustained. The statute further provides that the farmer's administrative complaint, filed with the Department of Agriculture, is a prerequisite to the farmer's right to maintain a legal action against the dealer from whom the seed was purchased. § 578.26(1)(a), Fla. Stat. (1991). While the statute makes clear that any determination made by the Department or its agency is non-binding, the statute provides for investigation, public and informal hearing, findings, and recommendation on the matters complained of. § 578.26(3)(a)-(c), Fla. Stat. (1991).
Nonetheless, under these circumstances, where Interlatin failed to fulfil the administrative prerequisites of section 578.26 prior to filing a legal action against the defendants, its suit against the defendants was premature, and the more provident remedy at the trial level would have been to grant an abatement of the action until Interlatin fulfilled those statutory prerequisites. See Bierman v. Miller, 639 So.2d 627 (Fla. 3d DCA 1994) (proper remedy for premature litigation is abatement or stay of the claim necessary for its maturation under the law); see also Angrand v. Fox, 552 So.2d 1113 (Fla. 3d DCA 1989), review denied, 563 So.2d 632 (Fla. 1990) (same); cf. Eastern Air Lines, Inc. v. Mobil Oil Corp., 403 F. Supp. 757 (S.D.Fla. 1975) (an administrative agency's determination of technical or policy matters may offer guidance to the court and conserve judicial labor). By an abatement of the legal proceedings any statute of limitations problem that might arise under circumstances such as these would be avoided.
For these reasons, the order of involuntary dismissal is reversed and the cause remanded to the trial court for imposition of an abatement of the action, pending Interlatin's compliance with the requirements of section 578.26, Florida Statutes (1991). We further limit our decision to only that question explicitly dealt with today.
Reversed and remanded.