762 So.2d 992 (2000)
Sandra D. WRIGHT, Appellant,
v.
LIFE INSURANCE COMPANY OF GEORGIA, Appellee.
No. 4D99-3363.
District Court of Appeal of Florida, Fourth District.
June 28, 2000.
Stabinski & Funt, and Bambi G. Blum of Bambi G. Blum, P.A., Miami, for appellant.
Andrew V. Tramont of Law Office of Andrew V. Tramont, P.A., Miami, for appellee.
POLEN, J.
Sandra Wright, the beneficiary of two life insurance policies issued to her brother ("decedent"), appeals after the trial court granted summary judgment in favor of Life Insurance Company of Georgia ("Life") without prejudice. She argues that she was not required to comply with the policy provisions that required her to submit written proof of the decedent's death prior to filing suit against Life. We disagree, and, thus, affirm.
Wright brought suit against Life for breach of contract and for declaratory relief. She alleged that Life failed to pay her benefits after the decedent died and after she furnished Life with oral notice of *993 his death. Life subsequently moved for summary judgment on the grounds that Wright had failed to comply with the condition precedent in the policies stating:
No legal action can be brought against us until 60 days after written proof of death or other loss is given to us.
The trial court then granted Life's motion on the same grounds and dismissed Wright's suit without prejudice. This timely appeal followed.
Wright argues that providing Life with oral notice of the decedent's death should be sufficient to avoid dismissal. We disagree. A no action clause in an insurance contract operates as a condition precedent that bars suit against the insurer until the insured complies with the relevant policy provisions. Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300, 304-05 (Fla. 4th DCA 1995). Here, it is undisputed that Wright failed to furnish Life written proof of the decedent's death, a clear prerequisite of the policies to bringing suit against Life. Consequently, while the entering of a summary judgment without prejudice may not have been the proper vehicle to resolve this issue (see discussion of abatement, below), we hold that, given the circumstances, the trial court ruled correctly. See id. (holding the trial court properly entered summary judgment against insureds who failed to comply with the no action clause in the insurance policy).
Wright, however, is not estopped from re-filing her suit if she complies with the condition precedent. A dismissal not involving the merits does not bar a subsequent action on the same, subject matter. Hassenteufel v. Howard Johnson, Inc. of Florida, 52 So.2d 810, 812 (Fla.1951). Here, the trial court's decision did not reach the merits of this action. Thus, we hold that Wright may re-file her suit sixty days after providing Life with written proof of the decedent's death. See Houswerth v. Neimiec, 603 So.2d 88, 89 (Fla. 5th DCA 1992)(holding the dismissal of a replevin action for failure to prosecute was not a ruling on the merits and did not bar an action on the same claim).
In reaching this determination, we note that the outcome here may have been different had Wright asked the trial court for an abatement until she complied with the condition precedent. Generally, the proper remedy for premature litigation is an abatement or stay of the claim. Bierman v. Miller, 639 So.2d 627, 628 (Fla. 3d DCA 1994). In this case, however, the record does not indicate whether Wright asked the trial court for an abatement. We, therefore, are not inclined to grant a remedy that Wright did not ask for at the trial level. See Willis v. Huff, 736 So.2d 1272, 1273 (Fla. 4th DCA 1999)(holding the trial court should have granted plaintiff's request to allow him time to comply with the condition precedent to filing suit instead of entering summary judgment against him).
AFFIRMED.
KLEIN and HAZOURI, JJ., concur.