PER CURIAM.
S.J.D. filed a petition for writ of certio-rari or, alternatively, habeas corpus, challenging a provision of an order to take S.J.D. into custody. In that order, the trial judge directed that only he could *34 preside over S.J.D.’s detention hearing. S.J.D. argued that the trial judge exceeded his legal authority by inclusion of this provision in the order. We agreed, and by prior order granted the petition, advising that this opinion would follow. We have habeas corpus jurisdiction to review the trial court’s order. See L.K v. State, 729 So.2d 1011 (Fla. 4th DCA 1999) (holding that habeas corpus is the proper method of review for a child seeking immediate release from secure detention of a short duration pending placement).
Section '985.215(2)(g), Florida Statutes (1999), provides, among other things, that any child “detained pursuant to this subsection shall be given a hearing within 24 hours after being taken into custody.” In this ease, when S.J.D. was brought before the juvenile judge pursuant to this statutory provision, the judge refused to conduct the detention hearing. Instead, the judge deferred the matter until a time when the judge who issued the order was available to hear it. As a result, S.J.D. remained in secure detention for a total of seven days.
The order taking S.J.D. into custody therefore had the effect of overriding the time requirements set forth in section 985.215(2)(g). Under these circumstances, the provision of the order requiring S.J.D. to be brought before the issuing judge when he was not available to hold a hearing within twenty-four hours of S.J.D. being taken into custody is prohibited by the plain language of the statute. See LjK., 729 So.2d at 1011. Accordingly, we grant the petition and quash the court’s order to the extent it conflicts with the time requirements of section 985.215(2)(g). Because we have granted relief on these grounds, we decline to address the remaining issues raised in the petition.
Petition granted; order quashed.
BLUE, A.C.J., and STRINGER and DAVIS, JJ., Concur.