846 So.2d 538 (2003)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and Allstate Indemnity Company, Appellants,
v.
WEST GABLES OPEN MRI SERVICES, INC., and Presgar Medical Imaging, Inc., Appellees.
Nos. 3D02-1171, 3D02-1086, 3D02-1111, 3D02-1129, 3D02-1130, 3D02-1132, 3D02-1133.
District Court of Appeal of Florida, Third District.
March 5, 2003.
Rehearing, Rehearing and Certified Question Denied May 28, 2003.
*539 Luis E. Ordonez and Frances F. Guasch; Ross & Hardies and Peter J. Valeta (Chicago, Illinois); Rumberger, Kirk & Caldwell and David B. Shelton (Orlando), for appellants.
Buchalter, Hoffman & Dorchak and Kenneth J. Dorchak, North Miami; Stuart L. Koenigsberg, Miami; Philip D. Parrish, for appellee.
Jorden Burt and Sonia Escobio O'Donnell, Miami, and John A. Walker, Fort Lauderdale, for American Bankers Insurance Company of Florida as amicus curiae.
Stephen C. Fredrickson and John W. Herzog (Tallahassee) for Florida Department of Insurance as amicus curiae.
Shutts & Bowen and Frank A. Zacherl, Miami, and Joey E. Schlosberg for Geico Casualty Company, Geico Indemnity Company, Geico General Insurance Company and Government Employees Insurance Company as amicus curiae.
Before GERSTEN, GODERICH, and FLETCHER, JJ.
Rehearing, Rehearing En Banc and Certified Question Denied May 28, 2003.
FLETCHER, Judge.
State Farm Mutual Automobile Insurance Company and Allstate Indemnity Company appeal various final summary judgments arising from actions for personal injury protection [PIP] benefits filed by West Gables Open MRI Services, Inc. and Presgar Medical Imaging, Inc., providers of magnetic resonance imaging [MRI] services. A number of amici curiae have filed briefs, including The Florida Department of Insurance. The trial (county) court has certified the question involved as one of great public importance. After careful consideration, we reverse the final summary judgments.
During its 2001 session the legislature enacted Chapter 2001-271, General Laws of the State of Florida [the Act], which included certain revisions relating to PIP benefits. Section 6 of the Act enacted official Florida statutory section 627.736(5)(b)(5) establishing a revised MRI fee schedule. As enacted this statutory provision reads:
"5. Effective upon this act becoming a law [June 19, 2001][1] and before November 1, 2001, allowable amounts that may be charged to a personal injury protection insurance insurer and insured for magnetic resonance imaging services shall not exceed 200 percent of the allowable amount under Medicare Part B for year 2001, for the area in which treatment was rendered. Beginning November 1, 2001, allowable amounts that may be charged to a personal injury protection insurance insurer and insured for magnetic resonance imaging services shall not exceed 175 percent of the allowable amount under Medicare Part B for year 2001, for the area in which the treatment was rendered, adjusted annually by an additional amount equal to the medical Consumer Price Index for Florida, except that allowable amounts that may be charged to a personal injury protection insurance insurer and insured for magnetic resonance imaging services provided in facilities accredited by the American College of Radiology or the Joint Commission on Accreditation of Healthcare Organizations shall not exceed 200 percent of the allowable amount *540 under Medicare Part B for year 2001, for the area in which the treatment was rendered, adjusted annually by an additional amount equal to the medical Consumer Price Index for Florida. This paragraph does not apply to charges for magnetic resonance imaging services and nerve conduction testing for inpatients and emergency services and care as defined in chapter 395 rendered by facilities licensed under chapter 395." [e.s.]
Thus subsection (5) of 627.736(5)(b) unambiguously provided for its own effective date, that is, when the Act became a law, June 19, 2001. Notwithstanding the Act's lack of ambiguity, the instant dispute certified by the trial court is one over the effective date of subsection (5).
Relying on what it saw as controlling parol evidence of a contrary legislative intent, the trial court concluded that October 1, 2001, was the date the new MRI fee schedule of subsection (5) began, rather than June 19, 2001. This October 1, 2001 date appears in section 11(3) of the Act and provides:
"Paragraphs (4)(b), 5(b) and (c) and subsection 6 of Section 627.736, Florida Statutes, as amended by this act and subsection (11) of section 627.736, Florida Statutes shall apply to treatment and services occurring on or after October 1, 2001, except that subsection (11) of Section 627.736, Florida Statutes, shall apply to actions on or after the effective date of this act with regard to a claim or amended claim or judgment for interest only which was not paid or was incorrectly calculated." [e.s.]
As can be seen, the above quoted section 11(3) of the Act references, inter alia, subsection 5(b), without altering the unambiguous, effective date language of subsection 5(b)(5), thus leaving 5(b)(5)'s effectiveness controlled by 5(b)(5) itself. As the effective date language of subsection (5)(b)(5) remains unambiguous it is governed by the application of the plain meaning rule, which precludes the use of parol evidence to determine legislative intent. Pursuant to this rule the trial court was not free to depart from the plain and ordinary meaning of the words used by the legislature in order to establish the effective date. E.g., Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101 (Fla. 3d DCA 1987).[2]
The effective date of section 627.736(5)(b)(5), Florida Statutes as established by section 6 of the Act, is the effective date of the Act, June 19, 2001. Accordingly the final summary judgments are reversed and the causes remanded for further proceedings consistent herewith.
NOTES
[1] The Act became a law on June 19, 2001, having been approved by the Governor on that date. It was filed with the Secretary of State that same date.
[2] As an observation, 627.736(5)(b), provides in its subsections (1)-(4), allowable amounts that may be charged for services other than MRI services. MRI service charges stand alone in 627.736(5)(b)(5). There is thus no disharmony in 627.736(5)(b)(1)-(5).