947 So.2d 504 (2006)
D.M., et al., juveniles, Petitioners,
v.
Dale DOBULER, Superintendent Miami-Dade Regional Juvenile Detention Center, Wansley Walters, Director, Miami-Dade Juvenile Assessment Center, and The State of Florida, Respondents.
Nos. 3D06-2648, 3D06-2422, 3D06-2473, 3D06-2432, 3D06-2474, 3D06-2447, 3D06-2530, 3D06-2475.
District Court of Appeal of Florida, Third District.
December 6, 2006.
Rehearing and Rehearing Denied February 13, 2007.
*505 Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for petitioners.
*506 Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for respondents.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied February 13, 2007.
WELLS, Judge.
In these consolidated petitions for writs of habeas corpus and mandamus, we review the claims of a number of juveniles who maintain that they were not afforded detention hearings within 24 hours of being taken into custody as required by section 985.215(2), Florida Statutes (2005).[1] Although the petitioners in these cases have now received detention hearings, we believe the issue presented is of sufficient importance and frequent recurrence to warrant a ruling on the legality of the procedure utilized below. See R.W. v. Soud, 639 So.2d 25, 26 (Fla.1994). We agree that as to each of the petitioning juveniles, the administrative procedure employed violated his/her statutory right to a timely detention hearing, and that the administrative procedure currently employed in the Juvenile Division of the Eleventh Judicial Circuit, which does not require that a detention hearing occur within 24 hours after a child is taken into custody, violates the law.
D.M. was arrested at 3:00 a.m. on October 25, 2006. D.M.'s risk assessment was completed before 5:00 a.m. that same day. At 9 a.m. the following day, D.M.'s attorney requested an immediate detention hearing pursuant to section 985.215. The trial court denied the request, adhering instead to an administrative order of the Juvenile Division of the Eleventh Judicial Circuit which instructed that detention hearings would be afforded to those for whom release to home detention had been recommended at 8:30 each morning and to those for whom secure detention had been recommended at 1:30 in the afternoon. D.M., and many of the other petitioners in these consolidated petitions, sought discharge pending their respective detention hearings which had not taken place within the 24 hour period at issue.
Section 985.215 of the Florida Statutes governing detention of children who have been taken into custody, requires a juvenile probation officer (JPO), who receives custody of a child from a law enforcement agency, to review the facts in the law enforcement report or probable cause affidavit, to complete a risk assessment, and to determine whether and at what level (home, nonsecure, or secure) detention care is required pending judicial review:
(1) The juvenile probation officer shall receive custody of a child who has been taken into custody from the law enforcement agency and shall review the facts in the law enforcement report or probable cause affidavit and make such further inquiry as may be necessary to determine whether detention care is required.
(a) During the period of time from the taking of the child into custody to the date of the detention hearing, the initial decision as to the child's placement into secure detention care, nonsecure detention care, or home detention care shall be made by the juvenile probation officer pursuant to ss. 985.213 and 985.214.

*507 (b) The juvenile probation officer shall base the decision whether or not to place the child into secure detention care, home detention care, or nonsecure detention care on an assessment of risk in accordance with the risk assessment instrument and procedures developed by the Department of Juvenile Justice under s. 985.213. However, a child charged with possessing or discharging a firearm on school property in violation of s. 790.115 shall be placed in secure detention care.
§ 985.215(1)(a), (b), Fla. Stat. (2005).[2]
This same provision permits a court, in cases not involving a child alleged to have absconded from a nonresidential commitment program, to "continue" detention care, if, at a hearing held within 24 hours after the child is "taken into custody," the court determines that probable cause exists and that there is a continued need for detention:
(2) Subject to the provisions of subsection (1), a child taken into custody and placed into nonsecure or home detention care or detained in secure detention care prior to a detention hearing may continue to be detained by the court. . . .
. . . .
A child who . . . is ordered to be detained pursuant to this subsection shall be given a hearing within 24 hours after being taken into custody. The purpose of the detention hearing is to determine the existence of probable cause that the child has committed the delinquent act or violation of law with which he or she is charged and the need for continued detention, except where the child is alleged to have absconded from a nonresidential commitment program. . . . [T]he court shall use the results of the risk assessment performed by the juvenile probation officer and, based on the criteria in this subsection, shall determine the need for continued detention. A child placed into secure, nonsecure, or home detention care may continue to be so detained by the court pursuant to this subsection. . . .
§ 985.215(2), Fla. Stat. (2005)(emphasis added).[3]
The term "taken into custody," as used in this provision is defined in section 985.03(55) of the Florida Statutes as "the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child's release, detention, placement, or other disposition as authorized by law."[4] (Emphasis added).
The mandate of these provisions is crystal clear. A child who is to be placed in detention care must receive a detention hearing within 24 hours of being physically detained by law enforcement.
The State claims that the term "taken into custody," as used in section 985.215(2) *508 requiring "a hearing within 24 hours after [a child is] taken into custody," when read in pari materia with section 985.215(1) and section 985.215(1)(a), means that a child must receive a detention hearing within 24 hours of a JPO taking custody and determining the need for detention.[5] We disagree.
Section 985.215(2) clearly states that a detention hearing must take place within 24 hours after a child is "taken into custody." Section 985.215(1) is equally clear in stating that a JPO only "receives" custody of a child who already had been "taken into custody" by someone authorized under section 985.207 to do so:
The juvenile probation officer shall receive custody of a child who has been taken into custody from a law enforcement agency. . . .
§ 985.215(1), Fla. Stat. (2005).
This provision permits no interpretation of the term "taken into custody," other than that stated in sections 985.03(55) and 985.207.
Section 985.215(1)(a), when read alone or in conjunction with section 985.215(1), makes no comment on when or by whom a child may be or is taken into custody. This provision simply authorizes the JPO, who has received custody of a child from someone who has taken that child into custody, to determine initial placement for that period of time between the moment someone authorized by law obtained "physical control" over the child and a detention hearing.
During the period of time from the taking of the child into custody to the date of the detention hearing, the initial decision as to the child's placement . . . shall be made by the juvenile probation officer. . . .
§ 985.215(1)(a), Fla. Stat. (2005).
The State also maintains that petitioners' arguments do not take into account administrative considerations and the history of the procedures currently in place. It points out that the current system has been in place for a number of years without objection. However the failure of children in the past to assert their right to a detention hearing within 24 hours of being taken into custody cannot constitute a waiver of that right by either the instant petitioners or those children who will be taken into custody in the future.
Nor do we find persuasive the State's argument that its definition of "taken into custody" should be employed because petitioners' interpretation will require a significant change in the detention hearing system currently employed. It is our duty to give effect to the language the legislature used. See Baker v. State, 636 So.2d 1342, 1343 (Fla.1994) (observing "[t]he courts `are obliged to give effect to the language the Legislature has used.' Cobb v. Maldonado, 451 So.2d 482, 483 (Fla. 4th DCA 1984). `Courts have then no power to set it aside or evade its operation. . . . If it has been passed improvidently the responsibility is with the Legislature and not with the courts.' Van Pelt [v. Hilliard], 75 Fla. [792] at 798, 78 So. [693] at 695. The proper remedy for a harsh law will not be found through construction or interpretation; it rests only in amendment or repeal.").
*509 We therefore agree with petitioners that section 985.215(2) requires that where, as here, physical control over a child is obtained by a law enforcement officer on a charge of violating the law, that child has been "taken into custody" and is entitled to a detention hearing within 24 hours of being so detained. See S.J.D. v. State, 774 So.2d 33, 34 (Fla. 2d DCA 2000)(citing section 985.215(2)(g), Florida Statutes (1999), and observing "the provision of the order requiring S.J.D. to be brought before the issuing judge when [the issuing judge] was not available to hold a hearing within twenty-four hours of S.J.D. being taken into custody is prohibited by the plain language of the statute").
While we agree with the State that the failure to provide a child with a hearing within 24 hours of being taken into custody may not justify immediate release in every case, the instant petitions confirm that the current system employed by the Juvenile Division of the Eleventh Circuit Court assures that a significant number of children will not receive timely detention hearings. Because the legislature has so clearly pronounced its intention in section 985.215(2) that a detention hearing must take place within 24 hours of a child being taken into custody, and not at some administratively imposed later time, that intention must be followed. "Where the legislature has used particular words to define a term, the courts do not have the authority to redefine it." Baker, 636 So.2d at 1343-44. Likewise, where the language of a statute is unambiguous and clear, there is no room for interpretation. See State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996) ("When interpreting a statute, courts must determine legislative intent from the plain meaning of the statute."); St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982) ("The plain meaning of the statutory language is the first consideration."); State v. Egan, 287 So.2d 1, 4 (Fla.1973) ("Where the legislative intent as evidenced by a statute is plain and unambiguous, then there is no necessity for any construction or interpretation of the statute, and the courts need only give effect to the plain meaning of its terms.").
In each of the consolidated cases before us, and in at least an additional fifty-seven cases filed below since the first of these petitions was filed, temporary physical control of a child was obtained by a law enforcement officer because of an alleged violation of the law. Yet not one of these children had a detention hearing within 24 hours of being physically detained.[6]
Accordingly, we find that each petitioner was denied his/her right to a timely detention hearing because the procedure utilized by the Juvenile Division of the Eleventh Circuit failed to provide a detention hearing within 24 hours of the child being taken into custody as required by Chapter 985 of the Florida Statutes. We also grant the petitions for writs of habeas corpus or in the alternative mandamus to require that detention hearings be scheduled or set so that a hearing will take place within 24 hours of a child being taken into custody, that is within 24 hours after one of those entities or individuals delineated in section 987.207(1) obtains temporary physical control over the child.
It is so ordered.
NOTES
[1] In making their arguments, the petitioners rely on the 2005 version of the Florida Statutes. That version will remain in effect until December 31, 2006 at which time the new version takes effect. See Laws 2006-120. §§ 33, 34, 35, 36, 37, eff. Jan. 1, 2007, renumbering section 985.215 as sections 985.25 and 985.255. Thus, while we address the current text of section 985.215 in this opinion, after Jan. 1, 2007, the language at issue will appear as part of section 985.255(3)(a).
[2] This provision will appear as section 985.25(1)(a) in the 2006 Florida Statutes.
[3] These provisions will appear in section 985.25(1) and 985.255(3) respectively in the 2006 Florida Statutes.
[4] Temporary physical control of a child is, in turn, authorized by law (1) pursuant to a circuit court order "issued under this part, based on sworn testimony, either before or after a petition is filed"; (2) by an "arresting authority" for a delinquent act or violation of law; (3) by "a law enforcement officer" for failure to appear at a properly noticed court hearing; or (4) by "a law enforcement officer" who has probable cause to believe that the child has violated the conditions of the child's probation, home detention, or post commitment probation or conditional release supervision, or where the child has absconded from a non residential commitment or escaped from a residential commitment. § 985.207(1), Fla. Stat. (2005).
[5] A number of the petitioners, including D.M., argue that not only did they not receive a hearing within 24 hours of their arrest, but that they also did not receive a hearing within 24 hours of completion of their risk assessment instrument. In this regard, they argue that the State violated not only the clearly established legislative provision at issue but also the State's own interpretation of that provision.
[6] See § 985.207(3), which provides:

(3) Taking a child into custody is not an arrest except for the purpose of determining whether the taking into custody or the obtaining of any evidence in conjunction therewith is lawful.