979 So.2d 324 (2008)
PROGRESSIVE EXPRESS INSURANCE CO., INC., Appellant,
v.
Louis R. MENENDEZ, Jr. and Cathy Menendez, Appellees.
No. 3D06-2570.
District Court of Appeal of Florida, Third District.
March 19, 2008.
*327 Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein and Douglas H. Stein, Miami, and Stephanie Martinez, for appellant.
Tilghman & Vieth, P.A. and Robert C. Tilghman, Miami, for appellees.
Before GERSTEN, C.J., and SHEPHERD and ROTHENBERG, JJ.

ON MOTION FOR REHEARING AND CLARIFICATION
ROTHENBERG, J.
Based on the appellee's motion for rehearing, rehearing en banc, or certification, and clarification, we withdraw this Court's previous opinion dated December 5, 2007, and issue this opinion in its stead.
The defendant, Progressive Express Insurance Co., Inc. ("Progressive"), appeals from a stipulated final judgment entered in favor of the plaintiffs, Louis R. Menendez, Jr. and Cathy Menendez (collectively, "the plaintiffs"), after the trial court issued an order granting the plaintiffs' motion for summary judgment as to liability. We reverse.

Procedural History
On June 14, 2001, Cathy Menendez ("Menendez") was injured in an automobile accident while traveling to work. Menendez was covered by a policy issued by Progressive affording personal injury protection ("PIP") benefits with effective dates of April 1, 2001, to October 1, 2001. In addition, Menendez was eligible for workers' compensation benefits, and her employer paid for nine weeks of her lost income. While most of Menendez's medical bills were paid through workers' compensation, Progressive paid a total of $2,131.22 to four different medical care providers.
The plaintiffs have settled their claims against the insurer of the other motorist involved in the accident; paid $2000 from that settlement to satisfy a lien filed by Menendez's employer; and in December 2001, began to pursue a PIP benefits claim on behalf of Menendez. On February 4, 2002, counsel for the plaintiffs sent the first of a series of letters to Progressive, pressing the plaintiffs' claim for lost supplemental income and adding a claim for reimbursement of the $2000 paid to Menendez's employer. Progressive issued two written responses requesting additional documentation. The parties did not resolve the issues surrounding the PIP claims, and on November 26, 2002, the plaintiffs filed suit for overdue benefits.
When Progressive answered the complaint, it asserted that the plaintiffs had failed to comply with all conditions precedent to filing their lawsuit. Both parties subsequently filed motions for summary judgment. Progressive argued that the plaintiffs lacked standing to sue because they failed to provide Progressive with a presuit demand letter in compliance with subsection 627.736(11), Florida Statutes (2001).[1] The trial court denied Progressive's motion and granted the plaintiffs' motion for partial summary judgment, finding that the presuit notice requirement of subsection 627.736(11) did not apply to any part of Menendez's PIP claim, and that even if subsection 627.736(11) did apply, she was not required to serve a presuit written demand because "Progressive effectively denied Menendez's claim."

Legal Analysis
The presuit notice requirement relied upon by Progressive is contained in subsection *328 627.736(11), Florida Statutes (2001). Subsection 627.736(11) provides that as a condition precedent to filing a claim for overdue PIP benefits, the insured must provide the insurer with written notice of the intent to initiate litigation.
(11) DEMAND LETTER.
(a) As a condition precedent to filing any action for an overdue claim for benefits under paragraph (4)(b), the insurer must be provided with written notice of an intent to initiate litigation; provided, however, that, except with regard to a claim or amended claim or judgment for interest only which was not paid or was incorrectly calculated, such notice is not required for an overdue claim that the insurer has denied or reduced, nor is such notice required if the insurer has been provided documentation or information at the insurer's request pursuant to subsection (6). Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim pursuant to paragraph (4)(b).
§ 627.736(11)(a), Fla. Stat. (2001) (emphasis added).
The plaintiffs argue that they were not required to provide Progressive with presuit notice pursuant to subsection 627.736(11) because: (1) Progressive denied Menendez's PIP claim; (2) the issuance of the policy and Menendez's accident occurred prior to the effective date of the legislation adding this presuit notice requirement; and (3) the presuit notice requirement does not apply to wage loss benefits. In the alternative, the plaintiffs argue that if the presuit notice requirements did apply, and their lawsuit was prematurely filed, the proper remedy was abatement, and any deficiency in conditions precedent was cured by the complying demand letter sent in November 2003. Because we conclude that: whether Progressive denied the plaintiffs' claim is a disputed issue of fact requiring further analysis on remand; the presuit notice requirements detailed in subsection 627.736(11) applied to the plaintiffs' claim; and abatement was not requested by the plaintiffs, we reverse.
Our review of the trial court's order granting summary judgment is de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000); Sheikh v. Coregis Ins. Co., 943 So.2d 242, 243 (Fla. 3d DCA 2006). Summary judgment may only be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Volusia County, 760 So.2d at 130. All doubts and inferences must be resolved in favor of the non-moving party, and if the "slightest doubt" exists, then summary judgment is not available. Sheikh, 943 So.2d at 244 (citing Sierra v. Shevin, 767 So.2d 524, 525 (Fla. 3d DCA 2000)).

Whether Progressive Denied the Plaintiffs' Claim Is a Disputed Issue of Fact
The plaintiffs argue that "[t]he undisputed evidence before the trial court conclusively establish[es] that Progressive denied Mrs. Menendez's claim for PIP benefits," thereby relieving the plaintiffs of any obligation they may have had to provide Progressive with presuit notice. In support of this argument, the plaintiffs filed an affidavit in which their attorney averred that he had phone conversations with Progressive wherein Progressive denied the plaintiffs' claims and maintained that it owed the plaintiffs nothing because Menendez previously received workers' compensation benefits.
While we agree with the plaintiffs that the presuit written demand requirements of subsection 627.736(11), Florida Statutes (2001), do not apply where an insurer denies *329 a PIP claim, see § 627.736(11)(a) (providing that "such notice is not required for an overdue claim that the insurer has denied or reduced"), there is, however, a material disputed issue of fact as to whether Progressive denied the plaintiffs' claim, thereby precluding summary judgment.
A review of two letters sent by Progressive to Mr. Eden, the plaintiffs' counsel, suggests that contrary to the affidavit submitted by Mr. Eden, wherein he averred that Progressive's adjuster had repeatedly and consistently advised that Progressive was not obligated to pay PIP benefits to Menendez as she had received workers' compensation benefits, Progressive did not refuse to pay PIP benefits to Menendez. In a letter dated April 15, 2002, Progressive's representative stated, "I need a copy of what they [workers' compensation] have paid and a copy of their lien if they are filing one so they can be reimbursed." (Emphasis added). On June 4, 2002, in response to Menendez's letter requesting reimbursement of the $2000 Menendez allegedly paid to satisfy a lien filed by workers' compensation and stating that she has also sustained lost wages, Progressive requested information and documentation regarding the workers' compensation lien and asked whether Menendez's lost wages were paid. The content of these letters suggests that Progressive intended to pay the plaintiffs' PIP claim upon receipt of appropriate documentation. Because these letters conflict with Mr. Eden's affidavit as to whether Progressive denied Menendez's PIP benefits claim, the conflict presents a disputed issue of fact precluding summary judgment.
Although it is axiomatic that an anticipatory breach of a contract excuses the non-breaching party from contractual compliance, Fabel v. Masterson, 951 So.2d 934, 936 (Fla. 4th DCA 2007), before rising to the level of anticipatory repudiation, "the refusal must be distinct, unequivocal, and absolute." Mori v. Matsushita Elec. Corp. of Am., 380 So.2d 461, 463 (Fla. 3d DCA 1980). After carefully reviewing the evidence in the record, we find it impossible to construe Progressive's written responses to the plaintiffs as unequivocal denials of coverage, and thus, we find sufficient conflict in the record to militate against summary judgment. We, therefore, hold that the trial court erred in finding that Progressive "effectively denied" the plaintiffs' claim as a matter of law, and remand for resolution of this critical factual dispute by the appropriate trier of fact.

Application of the Presuit Demand Requirements Does Not Violate Florida's Rule Against Retrospective Operation of Statutes
The plaintiffs argue that subsection 627.736(11) does not apply to their claim for PIP benefits because Menendez's policy was issued on April 1, 2001, and her accident occurred on June 14, 2001, and that both of these events took place prior to the effective date of subsection 627.736(11). We disagree, as the statute specifies that its application is dependent upon the date of treatment and services and when the lawsuit is filed, not when the policy was issued or when the accident occurred.
Subsection 627.736(11), Florida Statutes (2001), was enacted on June 19, 2001, as a part of Florida's No-Fault Act. Although June 19, 2001, was the general effective date of the amendments, selected portions of section 627.736 have a later effective date. See Ch. 2001-271, § 11(3), at 2948, Laws of Fla. (applying a later effective date to specific subsections of section 627.736, Florida Statutes (2001)). Subsection 627.736(11) is one of those portions of the statute with a later effective date. *330 However, that later effective date only applies to claims involving treatment or services incurred on or after October 1, 2001. Otherwise, the statute provides that the presuit demand requirements shall apply to actions filed on or after the general effective date of the act, June 19, 2001.
(3) Paragraphs (4)(b), (5)(b) and (c) and subsection (6) of section 627.736, Florida Statutes, as amended by this act and subsection (11) of section 627.736, Florida Statutes, shall apply to treatment and services occurring on or after October 1, 2001, except that subsection (11) of section 627.736, Florida Statutes, shall apply to actions filed on or after the effective date of this act with regard to a claim or amended claim or judgment for interest only which was not paid or incorrectly calculated.
Ch. 2001-271, § 11(3), at 2948, Laws of Fla.
The plaintiffs also argue that to apply the presuit notice requirements in subsection 627.736(11) to their pre-existing policy violates Florida's constitutional prohibition of laws impairing existing contracts. See Art. I, § 10, Fla. Const. ("No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed.").
In Florida, the general rule is that the statute in effect at the time an insurance contract is executed governs the substantive issues arising in connection with that contract. Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106, 108 (Fla. 1996). Additionally, when a law affects substantive rights, liabilities, and duties, that law is presumed to apply prospectively. Metro. Dade County v. Chase Fed. Hous. Corp., 737 So.2d 494, 499 (Fla. 1999). The policy rationale underlying this presumption is that "the retroactive operation of statutes can be harsh and implicate due process concerns." Id. For this reason, if a statute operates retrospectively, the courts will not apply it to pending cases absent clear legislative intent. Id. It is critical to note, however, that courts will not attach the label of "retrospective operation" merely because the statute is applied in a case that arises out of conduct predating its enactment. See id. (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 269-70, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)).
Determining whether the new statute violates Article I, section 10 of Florida's Constitution, depends on whether the statute attaches new legal consequences to events completed prior to its enactment. 737 So.2d at 499. "[S]tatutes which do not alter contractual or vested rights but relate only to remedies or procedure are not within the general rule against retrospective operation. . . ." Tejada v. In re Forfeiture of The Following Described Prop.: $406,626.11 in U.S. Currency, 820 So.2d 385, 390 (Fla. 3d DCA 2002) (quoting Rothermel v. Fla. Parole & Prob. Comm'n, 441 So.2d 663, 664 (Fla. 1st DCA 1983)); see also Vill. of El Portal v. City of Miami Shores, 362 So.2d 275, 278 (Fla.1978) ("[P]rocedural statutes do not fall within the constitutional prohibition against retroactive legislation and they may be held immediately applicable to pending cases.").
Although the plaintiffs' lawsuit clearly arises out of events (the execution of the policy and Menendez's accident) predating the enactment of subsection 627.736(11), Florida Statutes (2001), applying subsection 627.736(11) to the plaintiffs' action would not violate the general rule against retrospective operation unless new legal consequences attach to these events. If application of the statute is merely procedural, retroactive application is not prohibited. On the other hand, retroactive application of a statute that alters the substantive, *331 vested, or contractual rights is prohibited absent clear legislative intent. Because we conclude that the application of subsection 627.736(11) to the plaintiffs' claim for PIP benefits is procedural in nature, and it does not alter any contractual or vested rights of the plaintiffs, we find that to require the plaintiffs to provide presuit notice before filing their lawsuit after the enactment of the statute does not violate the general rule against retrospective operation.

The Presuit Demand Requirements Apply to Claims for Wage Loss Benefits
The plaintiffs contend that only claims for treatment and services, and claims for "interest only," are subject to the presuit demand requirements in subsection 627.736(11), not wage loss benefits. We disagree.
Subsection (11) of section 627.736 is that part of the statute which requires the insured to provide the insurer with presuit notice. Paragraph (a) provides, in pertinent part:
(a) As a condition precedent to filing any action for an overdue claim for benefits under paragraph (4)(b), the insurer must be provided with written notice of an intent to initiate litigation; provided, however, that, except with regard to a claim or amended claim or judgment for interest only which was not paid or was incorrectly calculated, such notice is not required for an overdue claim that the insurer has denied or reduced. . . .
§ 627.736(11)(a), Fla. Stat. (2001) (emphasis added). Paragraph 627.736(4)(b), which sets the time parameters for the payment of PIP benefits, states in relevant part:
(b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished notice of the fact of a covered loss and the amount of same. . . . However, not withstanding the fact that written notice has been furnished to the insurer, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for payment.
The statute's enacting legislation provides that "[e]xcept as otherwise expressly provided in this act, this act shall take effect upon becoming a law." Ch. 2001-271 § 11(1), at 2948, Laws of Fla. Paragraph 11(3) of the enacting legislation specifically addresses the effective date of the presuit notice requirement provided for in subsection 627.736(11).
(3) Paragraphs (4)(b), (5)(b) and (c) and subsection (6) of section 627.736, Florida Statutes, as amended by this act and subsection (11) of section 627.736, Florida Statutes, shall apply to treatment and services occurring on or after October 1, 2001, except that subsection (11) of section 627.736, Florida Statutes shall apply to actions filed on or after the effective date of this act with regard to a claim or amended claim or judgment for interest only which was not paid or incorrectly calculated.
Ch. 2001-271, § 11(3), at 2948, Laws of Fla. (emphasis added).
The plaintiffs urge us to interpret paragraph 11(3) of the enacting legislation as limiting application of the presuit demand requirements to claims for interest only, amended claims for interest only, or judgments for interest only. Thus, the plaintiffs argue that because their PIP benefits claim was based on a claim for lost income and a claim for a lien satisfaction payment, it was not a claim for treatment, services, *332 nor a claim for interest only, and therefore their claim falls outside of the limited applicability of subsection 627.736(11). This reading is contrary to ordinary statutory construction.
Paragraph (3) of the enacting legislation provides for separate effective dates to satisfy the presuit notice requirement provided for in subsection 627.736(11). Presuit notice is required for treatment and services occurring on or after October 1, 2001, whereas, presuit notice for any other overdue claim, such as lost wages, is required for any action filed on or after the effective date of the act, which is June 19, 2001.
When considering subsection 627.736(11) and its enacting legislation, "[i]t is our duty to give effect to the language the legislature used." D.M. v. Dobuler, 947 So.2d 504, 508 (Fla. 3d DCA 2006). Additionally, "[w]hen interpreting a statute, courts must determine legislative intent from the plain meaning of the statute." Id. at 509 (quoting State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996)). Accordingly, we turn first to the language within subsection 627.736(11) itself. Paragraph 11(b) requires that the notice: (1) state the name of the insured; (2) state the insured's claim or policy number; and (3) state "[t]o the extent applicable, the name of any medical provider who rendered to an insured the treatment, services, accommodations, or supplies that form the basis of the claim." (Emphasis added). Specifically, subsection (11) provides in part:
(11) DEMAND LETTER.
. . . .
(b) The notice required shall state that it is a "demand letter under § 627.736(11)" and shall state with specificity:
1. The name of the insured upon which such benefits are being sought.
2. The claim number or policy number upon which such claim was originally submitted to the insurer.
3. To the extent applicable, the name of any medical provider who rendered to an insured the treatment, services, accommodations, or supplies that form the basis of such claim; and an itemized statement specifying each exact amount, the date of treatment, service, or accommodation, and the type of benefit claimed to be due.
§ 627.736(11)(b), Fla. Stat. (2001).
The addition of the qualifying phrase "to the extent applicable" makes it clear that presuit demand letters under subsection 627.736(11) are required where the information regarding medical care is inapplicable. Subsection 627.736(11) requires a presuit demand letter as a condition precedent to filing a lawsuit for overdue PIP benefit claims for all services received in connection with the claim, not just medical care and medical supplies. Thus, the plain meaning of the legislature's words in the statute itself indicates that claims for lost wages or reimbursements to workers' compensation are subject to the requirements of subsection 627.736(11).
The enacting legislation specifically provides that subsection (11) of the statute will apply to "actions filed on or after the effective date of this act with regard to a claim or amended claim or judgment for interest only which was not paid or incorrectly calculated." Ch. 2001-271, § 11(3), at 2948, Laws of Fla. The plaintiffs interpret this language as a limitation on the applicability of subsection 627.736(11). The plaintiffs argue that the limiting phrase "for interest only" should apply not only to the word "judgment," but also to the words "claim" and "amended claim." This interpretation would essentially add *333 limiting language that the legislature chose not to include.
When interpreting statutes, courts "are not at liberty to add words to the statute that were not placed there by the legislature." State v. J.M., 824 So.2d 105, 111 (Fla.2002) (quoting Hayes v. State, 750 So.2d 1, 4 (Fla.1999)). Additionally, the trial court was not free to depart from the ordinary meaning of the words of the statute to establish the applicability and effective date of subsection 627.736(11). See State Farm Mut. Auto. Ins. Co. v. W. Gables Open MRI Servs., Inc., 846 So.2d 538, 540 (Fla. 3d DCA 2003). In the absence of limiting language, the ordinary meaning of the word "claim" is extremely broad and encompasses, at a minimum, the assertion of rights, money, property, and other remedies. See generally Black's Law Dictionary 264-66 (8th ed. 2004) (detailing multiple ordinary definitions of the word "claim"). The plaintiffs' and the trial court's interpretation of the legislation enacting subsection 627.736(11), impermissibly limits the language of the statute. We, therefore, hold that the presuit written demand requirement of subsection 627.736(11) applies to lawsuits arising out of all types of claims for PIP benefits, including claims for lost supplemental wages.

The Plaintiffs Are Not Entitled To Abatement Because They Waived the Right To Seek That Remedy
Arguing in the alternative, the plaintiffs contend that if the presuit demand requirements of subsection 627.736(11), Florida Statutes (2001), applied to their claim, their lawsuit was merely premature, and should have been abated until their failure to comply with the statutory condition precedent was cured. We disagree.
In Florida, when a lawsuit is prematurely filed, the proper remedy at the trial level is an abatement or stay of the action. Bierman v. Miller, 639 So.2d 627, 628 (Fla. 3d DCA 1994). By definition, mere prematurity is curable "simply by the passage of time." Angrand v. Fox, 552 So.2d 1113, 1115 (Fla. 3d DCA 1989). Litigation is also premature (and curable by abatement) where the plaintiff's complaint is dismissed for failing to fulfill statutory administrative prerequisites prior to filing a legal action. Interlatin Supply, Inc. v. S & M Farm Supply, Inc., 654 So.2d 254, 255 (Fla. 3d DCA 1995). Contrarily, the material breach of an insured's contractual duty to perform a condition precedent renders the insurance contract ineffective and relieves the insurer of its contract obligations. Starling v. Allstate Floridian Ins. Co., 956 So.2d 511, 513 (Fla. 5th DCA 2007); Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300, 303 (Fla. 4th DCA 1995).
Similarly, where a plaintiff fails to comply with a statutory condition precedent, the lawsuit is not merely premature, and dismissal, not abatement, is the proper remedy. See Levine v. Dade County Sch. Bd., 442 So.2d 210, 212-13 (Fla.1983) (holding that complaint against school board was properly dismissed with prejudice where plaintiff failed to provide statutory written notice to Department of Insurance and time for compliance expired); see also City of Coconut Creek v. City of Deerfield Beach, 840 So.2d 389, 393 (Fla. 4th DCA 2003) ("If there remains sufficient time to comply with the statutory precondition, the action should be dismissed with leave to amend.") (emphasis added).
The presuit demand letter requirement of subsection 627.736(11) was an unambiguous condition precedent to the filing of the plaintiffs' lawsuit, and as described *334 above, the statute applied to the plaintiffs' claim unless Progressive denied or reduced the claim. See § 627.736(11)(a), Fla. Stat. (2001) (excusing compliance with presuit written demand requirements where insurer denies or reduces coverage). Progressive's answer, proposed amended answer, and motion for summary judgment all put the plaintiffs on notice of their failure to comply with that statutory requirement. At those points in the proceedings, the plaintiffs could have asked the trial court to abate the premature action until they complied with the statute,[2] or could have voluntarily dismissed and refiled their action after complying with the presuit demand requirements. The plaintiffs, however, did not elect to seek abatement or to provide presuit notice; instead, they chose to litigate for nearly a year, and to maintain that the presuit written demand requirements either did not apply to their action, or if they applied, Progressive's denial of coverage excused compliance. Because the plaintiffs (even after being put on notice by Progressive) took the position that they did not have to comply with the statutorily mandated presuit demand requirements and failed to seek abatement of their lawsuit until the issue of whether presuit notice was required to maintain their lawsuit could be determined, we conclude that the plaintiffs waived their right to argue on appeal the failure of the trial court to abate their action.
We are also not persuaded by the plaintiffs' argument that the demand letter sent approximately eleven months after the initiation of the instant litigation cured the potential deficiencies in the conditions precedent to the filing of their lawsuit. In the absence of a dismissal and subsequent refiling of the complaint, the demand letter sent nearly one year after the initiation of the lawsuit has no legal effect. To rule otherwise would effectively nullify the words of the legislature, and we decline the invitation to do so. See Ingersoll v. Hoffman, 589 So.2d 223, 224 (Fla.1991) ("To suggest that the requirements of the statute may be easily circumvented would be to thwart the legislative will.").

Conclusion
The presuit written demand requirements of subsection 627.736(11), Florida Statutes (2001), are applicable to the plaintiffs' claim without violating Florida's rule against the retrospective operation of statutes. After being put on notice that their lawsuit was, at best, premature, the plaintiffs willfully failed to request abatement or to voluntarily dismiss and refile their lawsuit, thereby waiving any argument regarding the trial court's failure to abate their action. The complying demand letter sent after eleven months of litigation was, therefore, of no legal moment. Accordingly, the plaintiffs were in material breach of the statutory condition precedent unless Progressive denied or reduced the plaintiffs' claim. See § 627.736(11)(a), Fla. Stat. (2001).
Because material issues of fact prevent the resolution of that question as a matter of law, we reverse the trial court's award of summary judgment for the plaintiffs. We remand to the trial court with instructions to have the trier of fact resolve the narrow question of whether Progressive denied or reduced the plaintiffs' claim. *335 The resolution of this disputed issue of fact will determine whether litigation can proceed forward on the plaintiffs' claim. If Progressive did not deny or reduce the plaintiffs' claim, the plaintiffs are barred from recovery under the insurance contract.
Reversed and remanded with instructions.
NOTES
[1] On November 21, 2003, after the commencement of litigation, the plaintiffs sent a complying demand letter to Progressive.
[2] The plaintiffs argued at the trial level that Progressive carried the burden of requesting an abatement of the proceedings. We disagree. See Wright v. Life Ins. Co. of Ga., 762 So.2d 992, 993 (Fla. 4th DCA 2000) (affirming grant of summary judgment for insurer after the plaintiff-insured failed to comply with a condition precedent and failed to request abatement at the trial level).