639 So.2d 627 (1994)
Donald BIERMAN, et al., Petitioners,
v.
Robert O. MILLER, Jr., Respondent.
No. 94-976.
District Court of Appeal of Florida, Third District.
June 28, 1994.
Angones Hunter McClure Lynch & Williams and Christopher J. Lynch, Miami, for petitioners.
Buchbinder & Elegant, David B. Mishael, Miami, for respondent.
Before SCHWARTZ, C.J., JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Donald Bierman and the law firm of Bierman, Shohat, & Loewy, P.A. seek certiorari review of an order vacating a stay in a legal malpractice action. For the following reasons, we grant certiorari and quash the order under review.
The Bierman law firm negotiated and drafted a severance agreement between its client Robert Miller and FTM Sports, a corporation for which Miller was an officer, director, and shareholder. The agreement, which contained a covenant not to sue, was structured to protect Miller from civil liability for financial misdealing and to prevent the disclosure of information to any governmental authority, except where required. The agreement also contained a confidentiality provision. Miller in turn agreed to provide full disclosure to FTM and cooperate with their investigation of internal corporate matters. In the severance agreement, Miller represented that he had not personally benefitted from the transactions that formed the basis of the investigation, and that all of the statements he made in the agreement were true.
After the parties had executed the agreement and Miller had discussed matters with FTM and its parent company, Miller was served with a summons and complaint reflecting that FTM and its parent corporation had sued him in federal district court. The complaint sought damages for conspiracy, fraud, RICO violations, and breach of fiduciary duty; it also sought a declaratory judgment that the severance agreement between *628 Miller and FTM was void because Miller had fraudulently induced FTM into that agreement by misrepresenting his role in the financial misdealing at FTM. Miller filed a counterclaim seeking to enforce the covenant not to sue and the confidentiality provision of the severance agreement.
While the federal action was pending, Miller sued Bierman for legal malpractice, alleging that Bierman was negligent in drafting the severance agreement and in failing to protect Miller's interests. Miller sought damages for the considerable attorney's fees he was amassing in the federal civil action and for legal representation in connection with a federal grand jury proceeding, and for his exposure to multi-million dollar judgments in the civil action. Bierman moved to stay the malpractice proceedings pending resolution of the federal matters, arguing that until the underlying federal suit concludes, it cannot be determined whether Miller has suffered redressable harm from the acts alleged to have constituted the malpractice. The trial court granted the motion for stay; a successor judge vacated the stay upon Miller's motion. Bierman seeks review of this order.
In vacating the stay and allowing the malpractice action to proceed before the issues in the federal suit are decided, the trial court departed from the essential requirements of the law. No cause of action for legal malpractice "should be deemed to have accrued until the existence of redressable harm has been established." Diaz v. Piquette, 496 So.2d 239, 240 (Fla. 3d DCA 1986), rev. denied, 506 So.2d 1042 (Fla. 1987). See also Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323, 1325 (Fla. 1990) (cause of action for legal malpractice does not accrue until actionable error by attorney determined), and Segall v. Segall, 632 So.2d 76 (Fla. 3d DCA 1993) (same). Miller filed suit prematurely, as he has not yet suffered redressable harm. One of the central issues in the federal suit is the viability of the severance agreement: Miller's former employer seeks to void the agreement because of Miller's alleged fraud and misrepresentation; Miller seeks to enforce the agreement. Until the validity of the agreement is decided in federal court there can be no determination in the malpractice action as to whether Bierman was negligent in negotiating and drafting that agreement.
The proper remedy for premature litigation "is an abatement or stay of the claim for the period necessary for its maturation under the law." Angrand v. Fox, 552 So.2d 1113, 1115 (Fla. 3d DCA 1989), rev. denied, 563 So.2d 632 (Fla. 1990). In vacating the stay, the trial court departed from the essential requirements of the law.
Accordingly, we grant the Petition for Writ of Common Law Certiorari, quash the order under review, and remand with directions to abate the malpractice action.