929 So.2d 1097 (2006)
Scott C. BURGESS and Aviation Legal Group, P.A., Petitioners,
v.
David M. LIPPMAN, Respondent.
No. 4D05-4177.
District Court of Appeal of Florida, Fourth District.
May 3, 2006.
James O. Murphy, Jr. of Byrd and Murphy, Fort Lauderdale, for petitioners.
*1098 William R. Amlong and Jennifer Daley of Amlong & Amlong, P.A., Fort Lauderdale, for respondent.
STONE, J.
We grant this petition for writ of certiorari and quash a trial court order which denied a motion to abate this action for legal malpractice.
Respondent, David Lippman, is the plaintiff in a lawsuit against his attorney, Scott Burgess, and his law firm (Burgess). The complaint alleges that counsel owed him a duty to advise of his relationship with a third party (Asper), who was retained as a consultant in an underlying transaction arising out of sale of a charter airline, and owed him a duty to advise of what he knew about Asper's trust accounts and business practices. It is alleged that Asper converted Lippman's funds that were deposited in a trust account. In the same lawsuit, Lippman included claims against Asper and a corporation alleged to be his alter-ego (Aviation Professionals).
Burgess filed a motion to dismiss or, in the alternative, to abate the legal malpractice action until the underlying claims against Asper were concluded. The trial court denied the motion.
The proper remedy for premature litigation "is an abatement or stay of the claim for the period necessary for its maturation under the law." Angrand v. Fox, 552 So.2d 1113, 1115 (Fla. 3d DCA 1989). Abatement is proper upon a showing by the movant that a related or underlying judicial proceeding will determine whether damages were incurred which are causally related to the alleged negligence/malpractice. Perez-Abreu, Zamora & De La Fe, P.A. v. Taracido, 790 So.2d 1051 (Fla.2001); Bierman v. Miller, 639 So.2d 627, 628 (Fla. 3d DCA 1994).
In Blumberg v. USAA Casualty Insurance Co., 790 So.2d 1061, 1065 (Fla.2001)(footnote omitted), the supreme court said:
Consistent with Peat, Marwick, [Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla.1990) ], we hold that, in the circumstances presented here, a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings or, . . . when the client's right to sue in the related or underlying proceeding expires. If a negligence/malpractice action is filed prior to the time that a client's right to sue in the related or underlying judicial proceeding has expired, or if a negligence/malpractice action is filed during the time that a related or underlying judicial proceeding is ongoing, then the defense can move for an abatement or stay of the claim on the ground that the negligence/malpractice action has not yet accrued.
See also Glucksman v. Persol N. Am., Inc., 813 So.2d 122 (Fla. 4th DCA 2002).
Bierman is instructive. In that case, the plaintiff sued a law firm for legal malpractice, claiming the firm was negligent in its drafting of an agreement and failing to protect the plaintiff's interests. 639 So.2d at 628. The legal malpractice action was filed while a suit was pending in federal court regarding the plaintiff's liability under the agreement. Id. at 627-28. In abating the malpractice action, the court found the action had not yet accrued because a redressable harm had not been established. Id. at 628. "Until the validity of the agreement is decided in federal court, there can be no determination in a malpractice action as to whether Bierman was negligent in negotiating and drafting that agreement." Id.
*1099 Here, as in Bierman, Lippman has not yet incurred any legally recoverable damages as a result of the alleged malpractice because the underlying claims against Asper are not resolved. Resolution of those claims will determine whether the damages claimed by Lippman are causally related to the malpractice claims against Burgess. This is necessarily so because if Asper did not convert Lippman's funds, then there would be no damages suffered by Lippman caused by the alleged failure to warn by Burgess. Thus, the legal malpractice claim is premature and should be abated.
We have considered the authorities relied on by Lippman and deem them inapposite.
We, therefore, grant the petition, quash the order, and remand for stay or abatement.
SHAHOOD and HAZOURI, JJ., concur.