WELLS, Judge.
 

 Colodny, Fass & Talenfeld, P.A. and Michael J. Colodny seek certiorari review of the lower court’s sua sponte order vacating a stay in a legal malpractice action. Finding that the trial court departed from the essential requirements of the law, we grant certiorari and quash the order.
 

 Respondent, Bal Bay Realty, Ltd., instituted the present legal malpractice action in April 2001. Therein, it alleged that Petitioners committed legal malpractice in connection with Petitioners’ representation of Respondent in a matter currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. The lower court thereafter entered an agreed order granting Petitioners’ motion to stay or abate the malpractice action pending the outcome of the underlying action in the Seventeenth Judicial Circuit. On September 8, 2010, the lower court vacated the stay of the legal malpractice action on its own motion and, by a separate order, set the matter for trial. The petition for "writ of certiorari ensued.
 

 In vacating the stay and allowing the malpractice issue to proceed to trial before the underlying matter currently pending in the Seventeenth Judicial Circuit is resolved, we find that the trial court departed from the essential requirements of the law.
 
 Burgess v. Lippman,
 
 929 So.2d 1097, 1098 (Fla. 4th DCA 2006) (granting certio-rari and quashing an order vacating a stay of a legal malpractice action, finding that abatement or stay of a legal malpractice action “is proper upon a showing by the movant that a related or underlying judicial proceeding will determine whether damages were incurred which are causally related to the alleged negligence/malpractice”);
 
 Bierman v. Miller,
 
 639 So.2d 627, 628 (Fla. 3d DCA 1994) (finding that the trial court departed from the essential requirements of the law in vacating a stay of a legal malpractice action and allowing the malpractice action to proceed before the issues in a pending action on a contract were resolved, stating that “[u]ntil the validity of the agreement is decided ... there can be no determination in the malpractice action as to whether [the attorney] was negligent in negotiating and drafting that agreement”).
 

 Accordingly, we grant the petition for writ of certiorari, quash the order under review and remand with directions to abate the legal malpractice action.