Michael J. PICAZIO, Plaintiff,

v.

MELVIN K. SILVERMAN AND ASSO-CIATES, P.C., a New Jersey Corporation, and Melvin K. Silverman, individually, Defendants.

Case No. 13–80041–CIV.

United States District Court, S.D. Florida.

Aug. 30, 2013.

Lauren Sara Fallick, Leopold Law, P.A., Palm Beach Gardens, FL, for Plaintiff.

Jacqueline Clementine Tadros, Fort Lauderdale, FL, for Melvin K. Silverman and Associates.

Samuel A. Lewis, Feldman Gale, PA, Miami, FL, for Yi Li.

## *ORDER GRANTING DEFENDANTS' MOTION TO DISMISS*

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Defendants', Melvin K. Silverman and Associates, P.C., and Melvin K. Silverman, individually, Motion to Dismiss [DE 35] ("Motion") filed on July 19, 2013. The Plaintiff filed a Response [DE 36] on August 5, 2013 and the Defendants filed a Reply [DE 38] on August 14, 2013. The Court has reviewed the Motion and subsequent pleadings and is otherwise fully informed in the premises.

### I. Background

The Plaintiff, Michael J. Picazio, ("Picazio") filed the instant action against three Defendants, one of whom has since been dismissed upon stipulation. The original complaint was dismissed upon consent, and Picazio filed an Amended Complaint (the "Complaint") on June 20, 2013 against the two remaining Defendants named above (hereinafter "Silverman"). In his Complaint, Picazio claims to be the "inventor" of a machine that "quickly and economically separate[s] brown grease waste material found in grease traps from the water with which it [is] mixed." (Compl. at ¶ 7). This technology, according to Picazio, is novel, provides an environmentally friendly manner to recycle waste materials, and was designed to assist, in part, municipal water treatment plants in their mandated waste water recycling obligations. According to Picazio, his technology was previously unavailable to such municipal water treatment plants.[1]

---

1. Specifically, his technology would

[B]e provided to municipalities and other waste management regulatory bodies to

Picazio lacked the financial resources to construct the necessary machinery and to fund the operational costs of his business. Therefore, he entered into an agreement with Morton Ginsberg whereby Ginsberg would invest capital into the business in exchange for an undisclosed ownership percentage in the business. (Compl. at ¶ 10). As a part of this new business venture, Picazio disclosed the specifics of his invention and his business plan to Ginsberg, and Ginsberg agreed to pay all of the costs associated with the filing of an application with the United States Patents and Trademark Offices ("USPTO") to obtain a Patent for Picazio's invention. In furtherance of this end, Ginsberg contacted Silverman who undertook to create and file the Patent Application working directly with Picazio and his design engineer.[2] *Id.* at ¶ 13–14. Picazio provided Silverman with all relevant technical specifications and drawings I directly, and specifically instructed Silverman to designate him, Picazio, as the inventor of the Patent Application's technology. *Id.* at ¶ 16.

Completion and testing of the prototype followed, after which an undisclosed customer installed Picazio's water separator machine in its wastewater treatment facility. At some point after this, Picazio discovered that Silverman had filed the Patent Application, but that Picazio was not listed as the inventor, designer, and/or co-inventor on the Application. Picazio filed the instant Complaint alleging claims for: (1) Professional Malpractice and (2) Breach of Fiduciary Duty.

Silverman filed the instant Motion asserting that this case must be dismissed because: (1) pursuant to FED.R.CIV.P. 12(b)(6), the Complaint fails to state a claim upon which relief may be granted; (2) Picazio's claims of inventorship are "fatuous," or otherwise pointless as "the determination of inventorship is vested solely in the Director of the [USPTO]"; (3) Picazio has failed to join a necessary and indispensable party to the action, namely the owner of the Patent Application;[3] and (4) this matter is not ripe for adjudication because no Patent has issued.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* FED.R.CIV.P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, this Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) [hereinafter *Twombly* ]; *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) [hereinafter *Iqbal* ]. That is, the complaint "must … contain sufficient factual matter, ac-

quickly and efficiently separate grease trap waste from its comingled waste water. The process would allow the brown grease to be captured, preserved, and sold as a marketable commodity in the open market by Picazio. Plaintiff's design and technology would preserve and process the residual wastewater to a purity level which could be easily be [sic] turned into non potable, irrigation and/or allow water to be injected into the aquifer by standard processes at the water treatment plant. This invention allowing the separation of grease from wastewater would save municipalities mil-

lions of dollars each year in solid waste disposal costs and toxic water treatment and processing, and would allow counties to meet the newly enacted State statutory requirements for water disposal and recycling solid wastes.
(Compl. at ¶ 9).

2. The Complaint does not disclose who this "design engineer" is or what his interest may be in the instant litigation.

3. The "Owner" of the Patent Application is not disclosed in the Complaint.

cepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir.2010) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir.2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to the plaintiff and take the factual allegations stated therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997); *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury,* 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 129 S.Ct. at 1950; *see also Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1260 (11th Cir.2009) (stating that an unwarranted deduction of fact is not considered true for the purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. FED.R.CIV.P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly,* 550 U.S. at 555–56, 127 S.Ct. 1955. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to

relief." *Twombly,* 550 U.S. at 556 n. 3, 127 S.Ct. 1955. The plaintiffs "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

## III. DISCUSSION

The gist of Picazio's Complaint is that he believed Silverman was acting as his legal representative, that Silverman was executing a Patent Application on his behalf, and that the Patent Application would list him as the inventor of the technology described in the Application, but that Silverman did not list him as the inventor. Picazio brings claims for malpractice and breach of fiduciary duty for this alleged wrong. Picazio does not assert that the Patent has issued and omits him as an inventor, and he does not assert that he has tried to get the omission corrected during the pendency of the Application. Picazio also does not describe how he has thus far been damaged by his name being omitted from the Application.

■ To state a cognizable claim for professional legal malpractice under Florida law, a plaintiff must adequately allege that: (1) there existed an attorney-client relationship; (2) there was a neglect of a reasonable duty to the plaintiff under that relationship; and (3) the plaintiff suffered a redressable harm, i.e., loss to the client that was proximately caused by attorney's negligence. *Steele v. Kehoe,* 747 So.2d 931, 933 (Fla.1999). Until an underlying action is concluded with an outcome adverse to a client, "a [legal] malpractice claim is hypothetical and damages are speculative."

*Silvestrone v. Edell,* 721 So.2d 1173, 1175 (Fla.1998). Where a case for legal malpractice does not depend on a legal "ruling," the test for when damages accrue is "when it is reasonably clear that [a] client has actually suffered some damage from legal advice or services." *Packaging, Inc. v. Hanchett,* 992 So.2d 309, 312 (Fla.Dist. Ct.App. 2d Dist.2008).

▮ Similarly, to state a cognizable claim for breach of fiduciary duty under Florida law, a plaintiff must adequately allege: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) damages which proximately result from such breach. *See Gracey v. Eaker,* 837 So.2d 348, 353 (Fla.2002). To survive a motion to dismiss, such a claim must allege facts that "support a causal connection between the alleged [breach of duty] ... and the alleged damages suffered." *Bankers Trust Realty, Inc. v. Kluger,* 672 So.2d 897, 898 (Fla.Dist.Ct.App. 3d Dist.1996).

Defendants raise several grounds for dismissal of Plaintiff's Complaint. I find the issue of ripeness dispositive in this case. The Motion deals at great length with the Complaint's alleged shortcomings, including, but not limited to Plaintiff's failure to: (1) provide any clear factual allegations as to his role in the development of the technology; (2) join a necessary party; and (3) sufficiently set forth allegations establishing either an attorney-client relationship or a duty owed to Plaintiff by Defendants. While each of these assertions have some merit, they are unnecessary to address because the ultimate question presented here is whether Plaintiff's claims are ripe at this juncture.[4]

▮ "The ripeness doctrine protects federal courts from engaging in specula-

tion or wasting their resources through the review of potential or abstract disputes. The doctrine seeks to avoid entangling courts in the hazards of premature adjudication." *Digital Props., Inc. v. City of Plantation,* 121 F.3d 586, 589 (11th Cir. 1997) (citing *Felmeister v. Office of Attorney Ethics,* 856 F.2d 529, 535 (3d Cir. 1988); *see also Abbott Lab. v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). The ripeness inquiry requires a determination of: (1) the "fitness of the issues for judicial decision and [ (2) ] the hardship to the parties of withholding court consideration." *Abbott,* 387 U.S. at 149, 87 S.Ct. 1507; *see also Cheffer v. Reno,* 55 F.3d 1517, 1524 (11th Cir. 1995). In assessing the ripeness of a matter, courts must resolve "whether there is sufficient injury to meet Article Ill's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision-making by the court." *Cheffer,* 55 F.3d at 1524.

▮ Parsed to its essence, Picazio's claims center on Silverman's alleged failure to name him as an inventor of the technology in the Patent Application. Picazio does not provide a legal basis for his claim, but I find that this claim falls within the purview of 35 U.S.C. § 256, which governs a court's ability to modify a patent's inventor and provides, in pertinent part:

> Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director may, on application of all the parties and assign-

---

**4.** I note that my ripeness determination is intertwined with the Plaintiff's failure (or ina-

bility due to ripeness) to allege causation.

ees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.... The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

*Id.* However, Section 256 only provides this legal authority to remedy Patents after a patent has issued. No patent has issued in this case, and so the question of inventorship is vested solely with the USPTO. Additionally, 35 U.S.C. § 116 provides, in pertinent part, that "[w]henever through error a person is ... not named in an application, the Director may permit the application to be amended accordingly...." Picazio has not alleged that he attempted to amend the Application, and he has not alleged that a patent has issued which fails to name him as the or an inventor.

With no correction to be made to a patent, as authorized under 35 U.S.C. § 256, I have no ability to offer Picazio any relief. As he has not attempted to remedy the Application's deficiency pursuant to 35 U.S.C. § 116, I can also not determine that he sufficiently alleges that Silverman's negligence or breach of duty have caused him any damages. I accordingly find that his claim is not ripe for adjudication at this time.

The Court notes that under Florida law, if a claim is premature, the proper remedy would be to stay or abate the action to allow the claim to mature. *See Burgess v. Lippman,* 929 So.2d 1097 (Fla.Dist.Ct.App. 4th Dist.2006). However, as Picazio initially filed this action in the State court, and as it was removed to this Court without Silverman's consent, I find the proper course to be dismissal without prejudice to allow the Plaintiff to proceed in the Florida state courts if and when this action accrues.

**ORDERED and ADJUDGED** that

1. Defendants' Motion to Dismiss [DE 35] be and is hereby **GRANTED;**

2. This case is **DISMISSED WITHOUT PREJUDICE** against all Defendants.

3. All pending motions are **DENIED AS MOOT;** and

4. The Clerk of Court shall **CLOSE this CASE.**