MORRIS, Judge.
Wells Fargo Insurance Services USA, Inc. (Wells Fargo), seeks certiorari review of an order denying its motion to dismiss or stay/abate count five of the complaint filed by William Blackshear, Jr., M.D. We grant Wells Fargo’s petition and quash the order on review.

I. Facts

According to the complaint, Dr. Black-shear, a vascular surgeon, had two disability insurance policies with UNUM Group Corporation (UNUM). In 2010, Dr. Blackshear submitted a disability claim under the policies, claiming that he suffered from “several orthopedic and medical problems [that] had progressively impaired his ability to perform vascular operations” and that his “physical condition had deteriorated to the point where he could no longer perform the substantial and material duties of a[v]ascular [s]ur-geon.” UNUM denied his disability claim, finding that he was not eligible for total disability based on a determination “that Dr. Blackshear was regularly engaged in the duties of his vascular surgery practice, Vascular Diagnostic Center, Inc.; New Image Clinic, Inc.; and medical/legal consulting” and that “Dr. Blackshear’s occupation was not limited to vascular surgery but rather included the duties he performed in each of the other ancillary businesses.” UNUM denied Dr. Blackshear’s appeal of the denial of his claim.
Dr. Blackshear then filed a complaint against UNUM alleging counts for declaratory judgment, breach of contract, promissory estoppel, and reformation. The complaint also alleged a count for negligent misrepresentation (count five) against Wells Fargo and Julio C. Muniz (the agent). Wells Fargo is the successor in interest to Boushall and Associates, Inc. *1237 (the agency),[1] which was UNUM’s authorized agent and Muniz’s employer. The complaint alleged in pertinent part that the agent and the agency assured “Dr. Blackshear that the [disability [pjolicies issued by UNUM were specifically designed to protect against and cover” Dr. Blackshear’s inability to “perform vascular surgery even if Dr. Blackshear could perform other types of duties of a vascular surgery practice such as seeing patients in the office, making rounds or supervising a non-invasive vascular laboratory.” Dr. Blackshear alleged that he relied on the agent’s and the agency’s representations in this regard, that his “sole reason in purchasing the [disability [p]olicies was to provide him with a substantial monthly benefit in the event he suffered any disabling injury or sickness that would prevent him from engaging in his established occupation as a[v]aseular [sjurgeon performing vascular operations,” and that “[b]ut for these representations, Dr. Blackshear would have sought out and purchased from another insurance carrier [such] coverage that met his specifications.” Dr. Black-shear further alleged that he later learned that the agent’s and the agency’s representations were “false according to UNUM’s present position after the [disability [c]laim was submitted and subsequently denied,” that the agent and the agency “were negligent in making [the] representations which they should have known” were false, and that the agent and the agency intended for Dr. Blackshear to rely on their representations. Dr. Blackshear alleged that as a result of these representations, he suffered damages which included the loss of all disability policy benefits.
Wells Fargo filed a motion to dismiss and stay/abate count five against it pending the resolution of Dr. Blackshear’s claims against the insurer, UNUM. Wells Fargo argued that the law is clear that until the claims against UNUM are resolved in Dr. Blackshear’s favor, no cause of action has accrued against Wells Fargo. The trial court held a hearing on Wells Fargo’s motion and considered the argument of counsel. At the conclusion of the hearing, the trial court denied Wells Fargo’s motion without prejudice.[2]

II. Analysis

In its petition for writ of certiorari, Wells Fargo argues that the trial court departed from well-established case law holding that a negligence claim against an agent should be abated or dismissed as premature when a claim against the insurance company has yet to be determined.
In Blumberg v. USAA Casualty Insurance Co., 790 So.2d 1061 (Fla.2001), the supreme court considered the issue of when a cause of action accrues against an insurance agent for negligence or professional malpractice based on the agent’s promising coverage that was ultimately unavailable to the insured. The insured in Blumberg first filed suit against the insurance company, and after that suit was concluded, the insured filed suit against the agent. Id. at 1063. The agent raised the statute of limitations as an affirmative defense, and the supreme court considered whether the statute of limitations for the insured’s claim against the agent began to run when the insurance company denied coverage or when a judgment was entered in the suit against the insurance company *1238 determining that coverage was unavailable. Id. at 1068,1065. The court held
that, in the circumstances presented here, a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings or, if there are no related or underlying judicial proceedings, when the client’s right to sue in the related or underlying proceeding expires. If a negligence/malpractice action is filed prior to the time that a client’s right to sue in the related or underlying judicial proceeding has expired, or if a negligence/malpractice action is filed dming the time that a related or underlying judicial proceeding is ongoing, then the defense can move for an abatement or stay of the claim on the ground that the negligence/malpractice action has not yet accrued. The moving party will have the burden of demonstrating that the related or underlying judicial proceeding will determine whether damages were incurred which are causally related to the alleged negligence/malpractice. The determination of this will be for the trial court.
Id. at 1065 (emphasis added) (footnotes omitted). “This rule is designed to prevent inconsistent positions by an insured, such as when the insured claims, on the one hand, that coverage exists! ] and, on the other hand, that coverage does not exist.” Penn-Am. Ins. Co. v. Edwards, No. 3:09cv153/MCR/EMT, 2009 WL 1919353, at *2 (N.D.Fla. July 1, 2009) (citing Blumberg, 790 So.2d at 1066); see Perez-Abreu, Zamora & De La Fe, P.A. v. Taracido, 790 So.2d 1051, 1054 (Fla.2001) (noting that the holding in Blumberg was to “prevent clients from having to take directly contrary positions in the two actions”). Federal cases have applied Blum-berg in holding that “a claim against an insurance agent for negligence does not accrue until the underlying action against the insurance company is final,” Glasbrenner v. Cont’l Gen. Ins. Co., No. 8:03-CV-2385-T-27TBM, 2004 WL 322912, at *1 (M.D.Fla. Jan. 27, 2004), and, more specifically, “only after the insured is unsuccessful in recovering damages at the conclusion of legal proceedings against the insurer,” Landmark Am. Ins. Co. v. Moulton Props., Inc., No. 3:05cv401/LAC, 2006 WL 2038554, at *1 (N.D.Fla. July 19, 2006). See, e.g., Mobro Marine Inc. v. Essex Ins. Co., No. 3:11-cv-622-J-12JBT, 2011 WL 6328255 (M.D.Fla. Dec. 15, 2011); Steele v. Mid-Continent Cas. Co., No. 07-60789-CIV, 2007 WL 3458543 (S.D.Fla. Nov. 14, 2007); Pollywog Transp., Inc. v. Abest Agencies, Inc., 2004 WL 2673225 (M.D.Fla. July 16, 2004).
In his claim for negligent misrepresentation against Wells Fargo, Dr. Black-shear alleged that the agent and the agency assured Dr. Blackshear that the type of disability claim he is asserting would be covered by the UNUM policies and that Dr. Blackshear relied on those assurances when obtaining the policies. Dr. Black-shear also alleged that UNUM denied coverage under the policies and that the agent and the agency should have known that it falsely represented that the type of claim would be covered by the policies. Thus, Dr. Blackshear’s count against Wells Fargo is dependent upon a determination that his disability claim is not covered under his policies with UNUM, and until the action against UNUM is resolved in UNUM’s favor and against Dr. Blackshear, Dr. Blackshear’s count against Wells Fargo is premature.
Because Dr. Blackshear’s count against Wells Fargo is premature, the trial court departed from the essential requirements of law in denying Wells Fargo’s motion to dismiss or stay/abate count five. See Burgess v. Lippman, 929 So.2d 1097, 1098-99 *1239 (Fla. 4th DCA 2006) (granting certiorari relief and quashing order denying motion to abate where legal malpractice claim was premature under Blumberg and should have been abated); see also Colodny, Fass & Talenfeld, P.A. v. Bal Bay Realty, Ltd., 48 So.3d 1030, 1031 (Fla. 3d DCA 2010) (relying on Burgess and Bierman v. Miller, 639 So.2d 627, 628 (Fla. 3d DCA 1994)). Accordingly, we grant Wells Fargo’s petition for writ of certiorari and quash the order of the trial court.
We note that because the premature element of count five will not be cured by the passage of time and will only be cured by a finding that Dr. Blackshear’s disability claim is not covered by the disability policies, the appropriate remedy is a dismissal of count five without prejudice, rather than an abatement of the count. See Shuck v. Bank of Am., N.A., 862 So.2d 20, 25 (Fla. 2d DCA 2003) (noting that where “[a]n action [is] premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur[,] ... the mere passage of time will not cure the premature element of the claim” and dismissal without prejudice, rather than abatement, is appropriate); Landmark Am. Ins. Co., 2006 WL 2038554, at *2-3 (relying on Shuck).
Petition granted; order quashed.
VILLANTI and CRENSHAW, JJ., concur.

. Boushall and Associates, Inc., merged into Wachovia Insurance Services, Inc., which later changed its name to Wells Fargo Insurance Services USA, Inc.

. Muniz moved to join in Wells Fargo's motion to dismiss or stay/abate, but in the order denying Wells Fargo’s motion, the trial court denied Muniz's motion to join.