Dayami **HERNANDEZ and Noel Alexander Luaces, as Natural Parents and Co–Personal Representatives of the Estate of their Beloved Son, Noel Luaces Hernandez, (deceased), Plaintiffs,**

v.

**INFINITY INDEMNITY INSURANCE CO., Insurance USA & Associates, Inc. and Nicole Marie Antini, individually, Defendants.**

No. 1:14–cv–20923–KMM.

United States District Court, S.D. Florida.

Signed Sept. 11, 2014.

Entered Sept. 12, 2014.

Estrella Gonzalez, Robert M. Graff, Wald, Gonzalez & Graff, P.A., Miami, FL, Barbara Weiss Green, Coral Gables, FL, for Plaintiffs.

David Andrew Mercer, Scott Jeffrey Frank, Lewis F. Collins, Jr., Butler Pappas Weihmuller Katz Craig, Tampa, FL, Charles Handel Watkins, G. William Bissett, Jr., Nicole Ellis, Kubicki Draper, Miami, FL, for Defendants.

*ORDER DENYING PLAINTIFFS' MOTION FOR REMAND AND GRANTING DEFENDANTS INSURANCE USA & ASSOCIATES, INC. AND NICOLE MARIE ANTINI'S MOTION TO DISMISS*

K. MICHAEL MOORE, Chief Judge.

THIS CAUSE is before the Court upon the Plaintiffs Dayami Hernandez and Noel Alexander Luaces, as natural parents and co-personal representatives of the Estate of their beloved son, Noel Luaces Hernandez's Motion for Remand (ECF No. 13) and Defendants Insurance USA & Associates, Inc. and Nicole Marie Antini's Motion to Dismiss (ECF No. 14). Both Parties filed Responses (ECF Nos. 20, 21) and Replies (ECF Nos. 28, 33) to each respective Motion. These Motions are now ripe for review. Upon consideration of the Motions, the Responses, the Replies, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

### 1. *State Court Suit*

On October 9, 2009, Noel Luaces Hernandez ("Hernandez") passed away in an automobile accident. Compl., at ¶ 6 (ECF No. 1, Ex. A). Hernandez was a passenger in Jorge Luis Arroyo, Jr.'s ("Arroyo") vehicle when he was killed. *Id.* at ¶¶ 14–15.

On May 5, 2011, Plaintiffs filed a lawsuit against the Estate of Arroyo, as a result of the accident that took place on October 9, 2009, in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami–Dade County, Florida. *Id.* ¶ 24.

Plaintiffs claim that Defendant, Infinity Insurance ("Infinity"), issued an automobile insurance policy to Arroyo, insurance policy 109–81007–7094–001 (the "Policy"), which provided bodily injury liability coverage in the amount of $10,000. *Id.* at ¶¶ 11–12. Plaintiff further claims that the Policy was in effect at the time of the accident. *Id.* However, Infinity advised Arroyo's Estate that Arroyo's coverage under the Policy was cancelled on 8/28/2009 (less than two months before the accident). *Id.* ¶ 18. As a result, Infinity denied coverage and did not provide Arroyo's Estate with a defense in the state court suit. *Id.* at ¶¶ 18–23, 25.

On November 13, 2013, Plaintiffs obtained a Consent Final Judgment against the Estate of Arroyo in the amount of three million dollars. *Id.* at ¶ 26.

### 2. *The Instant Suit*

On February 12, 2014, Plaintiffs filed the instant case against Infinity, Insurance USA & Associates, Inc. ("Insurance USA"), and Nicole Marie Antini ("Antini")

in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami–Dade, Florida. *See generally id.* Infinity is a foreign corporation incorporated pursuant to the laws of the State of Ohio with its principal place of business in the State of Alabama. Notice of Removal, ¶ 5 (ECF No. 1). Insurance USA is a Florida insurance agency. Compl., at ¶ 8. Antini is a Florida resident licensed as a "general lines agent" in Florida, working as an agent for Infinity. *Id.* at ¶ 9.

Plaintiffs allege that Defendants Insurance USA and Antini were acting on behalf of Defendant Infinity Insurance when they sold Arroyo the Policy for his automobile. *Id.* at ¶¶ 10–12. Plaintiffs' Complaint sets forth six causes of action. Counts I and II are against Infinity for breach of contract and common law bad faith. Count III and IV are against Insurance USA for breach of contract and negligence. Count V and VI are against Antini for breach of contract and negligence.

On March 11, 2014, Infinity filed a Notice of Removal in the instant case based on diversity of citizenship. *See generally* Notice of Removal. In the Notice, Infinity states that this is an action between citizens of different states and that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost. *Id.* at ¶ 4. Infinity argues that while Insurance USA and Antini are citizens of Miami–Dade County, their residency should be disregarded because Insurance USA and Antini were "fraudulently, prematurely, and inappropriately misjoined in an effort to defeat the jurisdiction of this Court." *Id.* at ¶ 7.

Plaintiffs subsequently filed the instant Motion to Remand and Defendants Insurance USA and Antini filed the instant Motion to Dismiss.

## II. DISCUSSION

The Court will first deal with Defendants Insurance USA and Antini's Motion to Dismiss. The Motion moves to dismiss Count III (breach of contract) and Count IV (negligence) against Insurance USA, and Count V (breach of contract) and Count VI (negligence) against Antini because "these claims were improperly misjoined with the separate and [i]ndependent claims" against Infinity and the claims are premature. Mot. to Dismiss, at 1.

 The Court finds that Plaintiffs claims against Insurance USA and Antini should be dismissed because they are premature. This is because the claims asserted against Insurance USA and Antini cannot be decided until a conclusion is reached regarding whether Plaintiffs are covered under Infinity's Policy. *See Ironshore Indemnity, Inc. v. Banyon 1030–32, LLC*, No. 12–cv–61678, 2013 WL 4711155, at *7 (S.D.Fla. Aug. 30, 2013) ("A claim against an insurance agent for negligence does not accrue until the underlying action between the insured and the insurance company is final.").

Count I and Count II against Infinity are for breach of contract and common law bad faith. These counts relate to the Policy. In Counts I and II, Plaintiffs claim that Arroyo was insured by Infinity at the time of the accident, Infinity failed to provide liability insurance coverage under the Policy, and Infinity failed to perform its obligations to defend and indemnify its insured under the Policy. Compl., at ¶¶ 33–37. As a result, Plaintiffs claim that Infinity breached its contract and acted in bad faith. *Id.* at ¶¶ 38, 48–66.

Counts III–VI, on the other hand, argue that Insurance USA and Antini agreed to procure liability insurance for Arroyo but failed to do so. *Id.* at ¶ 79 ("After Plaintiffs made their claim against the Estate of Jorge Luis Arroyo, Jr., it was discovered

that Defendant [sic], Insurance USA, had allegedly not secured the proper and requested liability insurance to provide the Estate of Jorge Luis Arroyo, Jr., from Plaintiff's underlying claims."); *id.* at ¶ 115 ("After Plaintiffs made their claims against the Estate of Jorge Luis Arroyo, Jr., it was discovered that Defendant, Antini, had allegedly not secured the proper and requested liability insurance to cover the Estate of Luis Arroyo, Jr., from Plaintiff's underlying claims."). Plaintiffs argue that because Insurance USA and Antini failed to secure adequate insurance and provide liability insurance coverage, as requested by the insured, Insurance USA and Antini are in breach of contract and they were negligent. *See* Compl., at ¶ 82 ("At all times material hereto, Defendant, Infinity Insurance's insured fulfilled his duties and obligations under the contract, but Defendant, Insurance USA, has failed to perform their duties and obligations under said contract,"); *id.* at ¶ 118 ("At all times material hereto, Defendant, Infinity Insurance's insured fulfilled his duties and obligations under the contract, but Defendant, Antini, has failed to perform her duties and obligations under said contract.").

It is clear that Plaintiffs are pleading claims against Infinity and against Insurance USA and Antini in the alternative. However, Plaintiffs claims against Insurance USA and Antini cannot be decided until the Court decides whether Infinity is liable under the Policy. If the Court determines that Infinity is liable to Plaintiffs under the Policy, then Insurance USA and Antini caused no damage to Plaintiffs because insurance was properly procured. Alternatively, if the Court determines that Infinity is not liable under the Policy because the Policy was never secured by Insurance USA and Antini, then Insurance USA and Antini may be liable for their failure to secure the requested coverage. Accordingly, this Court finds that Plain-

tiffs claims against Insurance USA and Antini are premature.

Plaintiffs argue that a stay or abatement of Plaintiffs' claims against Insurance USA and Antini is the appropriate remedy if the Court determines that the claims are premature. Plaintiffs cite the Court to *Blumberg v. USAA Cas. Ins. Co.*, 790 So.2d 1061, 1065 n. 2 (Fla.2001), for support, which states that "[t]he proper remedy for premature litigation 'is an abatement or stay of the claim for the period necessary for its maturation under the law.'" However, considering the circumstances of this case and the fact that Plaintiffs' claims against Insurance USA and Antini may never mature if the Court determines that Infinity is liable to Plaintiffs under the Policy, the Court finds that dismissal of Plaintiffs' claims against Insurance USA and Antini, without prejudice, is appropriate. *See Wells Fargo Ins. Servs. USA, Inc. v. Blackshear*, 136 So.3d 1235, 1239 (Fla.Dist.Ct.App.2014) ("We note that because the premature element of count five will not be cured by the passage of time and will only be cured by a finding that [the insured's] disability claim is not covered by the disability policies, the appropriate remedy is a dismissal of count five without prejudice, rather than an abatement of the count."); *see also Banyon*, 2013 WL 4711155, at *8 ("Considering all the circumstances of this case, I find that the claims against Harden should be dismissed without prejudice. The underlying litigation may last for an extended period of time, while Harden has no role in its adjudication. Ultimately, the claims against Harden may never ripen. Additionally, judicial economy favors the dismissal of these claims. Parties should not be encouraged to file claims that may never ripen.... This is a waste of the court's and the parties' resources."); *see also Looney v. Protective Life Ins. Co.*, No. 8:07–

cv–1020–T–17TBM, 2007 WL 2669190, at *4 (S.D.Fla. Sept. 6, 2007) ("When the mere passage of time is insufficient to cure the premature element of the action, as it is here, dismissal without prejudice is appropriate"); *see also Mobro Marine Inc. v. Essex Insur. Co.*, No. 3:11–cv–622–J–12JBT, 2011 WL 6328255, at *4 (M.D.Fla. Dec. 15, 2011) (dismissing without prejudice the claims against an insurance agent for failure to procure insurance coverage, because the claims would not accrue, if at all, until the underlying action was resolved).[1]

█ Dismissing Plaintiffs' claims against Insurance USA and Antini results in complete diversity between the remaining parties. Accordingly, Plaintiffs' Motion for Remand is denied.

## III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Remand (ECF No. 13) is DENIED.

It is further ORDERED AND ADJUDGED that Defendants Insurance USA & Associates, Inc. and Nicole Marie Antini's Motion to Dismiss (ECF No. 14) is GRANTED. Plaintiffs' claims against Defendants Insurance USA & Associates, Inc. and Nicole Marie Antini (Counts III–VI) are DISMISSED WITHOUT PREJUDICE.

It is further ORDERED AND ADJUDGED that Plaintiffs' Motion to Stay (ECF No. 15) is DENIED AS MOOT.

---

1. Since the Court is dismissing the claims against Insurance USA and Antini because they are premature and there is a possibility that they may never become ripe, the Court need not address the additional arguments raised in Defendant's Motion to Dismiss regarding the statute of limitations and Plaintiffs' failure to state a cause of action.