DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALAN I. ARMOUR, II** and **NASON, YEAGER, GERSON, WHITE & LIOCE, P.A.,**
Petitioners,

v.

**BRIAN HASS, M.D., BRAND PROPERTIES, LLC,** a Florida Limited Liability Company; and **BRAND PROPERTIES II, LLC,** a Florida Limited Liability Company,
Respondents.

No. 4D14-4375

[ April 8, 2015 ]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 2014CA007755.

Kathryn L. Smith of Cole, Scott & Kissane, P.A., Miami, for petitioners.

Irwin R. Gilbert, Tabitha A. Taylor and Bryan J. Yarnell of Gilbert Yarnell, Palm Beach Gardens, for respondents.

PER CURIAM.

Alan I. Armour, II, and his law firm, defendants in a legal malpractice action, seek certiorari review of a non-final order which denied in part their motion to dismiss, abate, or stay the malpractice action. It is undisputed that the underlying litigation on which the malpractice action is based is still pending. While the trial court stayed the trial, and discovery as to damages, it otherwise allowed the action to proceed, including discovery as to liability.

Until there is a judgment against plaintiffs in the underlying action, "a malpractice claim is 'hypothetical' and damages are 'speculative.'" *David J. Stern, P.A. v. Sec. Nat'l Servicing Corp.*, 969 So. 2d 962, 966 (Fla. 2007) (quoting *Sec. Nat. Servicing Corp. v. Law Office of David J. Stern, P.A.*, 916 So. 2d 934, 937 (Fla. 4th DCA 2005) (quoting *Silvestrone v. Edell*, 721 So. 2d 1173, 1175 (Fla. 1998))). The trial court erred in allowing any discovery to go forward. The case should have been stayed or abated.

Accordingly, we grant the petition. *See Burgess v. Lippman*, 929 So. 2d 1097, 1099 (Fla. 4th DCA 2006); *Bierman v. Miller*, 639 So. 2d 627 (Fla. 3d DCA 1994). The plaintiffs' contention—that an exception to the general rule is warranted because they already have suffered damages by incurring attorney's fees in defending the underlying action—is without merit. *See Bierman*, 639 So. 2d at 628 (determining that vacating a stay was a departure from the essential requirements of law because the malpractice action had not yet accrued and the plaintiff had not yet suffered "redressable" harm although plaintiff had amassed considerable attorney's fees in the underlying action).

*Petition Granted.*

GROSS, TAYLOR and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***