PER CURIAM.
Aan I. Armour, 11,=; and his law firm, defendants in a legal malpractice action, seek certiorari review of a non-final order *110 which denied in part their motion to dismiss, abate, or stay the malpractice action. It is undisputed that the underlying litigation on which the malpractice action is based is still pending. While the trial court stayed the trial, and discovery as to damages, it otherwise allowed the action to proceed, including discovery as to liability.
Until there is a judgment against plaintiffs in the underlying action, “a malpractice claim is ‘hypothetical’ and damages are ‘speculative.’ ” David J. Stern, P.A. v. Sec. Nat’l Servicing Corp., 969 So.2d 962, 966 (Fla.2007) (quoting Sec. Nat'l Servicing Corp. v. Law Office of David J. Stern, P.A, 916 So.2d 934, 937 (Fla. 4th DCA 2005) (quoting Silvestrone v. Edell, 721 So.2d 1173, 1175 (Fla.1998))). The trial court erred in allowing any discovery to go forward. The case should have been stayed or abated.
Accordingly, we grant the petition. See Burgess v. Lippman, 929 So.2d 1097, 1099 (Fla. 4th DCA 2006); Bierman v. Miller, 639 So.2d 627 (Fla. 3d DCA 1994). The plaintiffs’ contention — that an exception to the general rule is warranted because they already have suffered damages by incurring attorney’s fees in defending the underlying action — is without merit. See Bierman, 639 So.2d at 628 (determining that vacating a stay was a departure from the essential requirements of law because the malpractice action had not yet accrued and the plaintiff had not yet suffered “redress-able” harm although plaintiff had amassed considerable attorney’s fees in the underlying action).

Petition Granted.

GROSS, TAYLOR and MAY, JJ., concur.