DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KASOWITZ BENSON TORRES LLP,**
Petitioner,

v.

**STEVEN MARIANO** and **SIMPSON THACHER & BARTLETT LLP,**
Respondents.

No. 4D19-1209

[September 18, 2019]

Petition for writ of certiorari to the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE-17-021733 (02).

Kelly Anne Luther, Danielle Fannie Moriber and Giselle Gonzalez Manseur of Kasowitz Benson Torres LLP, Miami, for petitioner.

William R. Scherer, Russell R. O'Brien and Eric M. Yesner of Conrad & Scherer LLP, Fort Lauderdale, for respondent, Steven Mariano.

PER CURIAM.

Kasowitz Benson Torres LLP seeks certiorari review of an order denying its motion to stay or abate a legal malpractice action until the underlying litigation is resolved. We grant the petition and quash the order because the outcome of the underlying litigation will determine whether the plaintiff incurred any damages as a result of Kasowitz's alleged malpractice.

The plaintiff, Steven Mariano, and his company, Patriot National, sold shares of stock to certain hedge fund investors in late 2015. Simpson Thacher & Bartlett LLP represented Mariano and Patriot National in connection with the transaction. The investors later sued both Mariano and Patriot National in federal court in New York. Kasowitz briefly represented Patriot National in the New York litigation, which is still ongoing.

In 2017, Mariano sued both Simpson and Kasowitz for legal malpractice. As to Simpson, he claims the firm negligently drafted documents related to the hedge fund transaction and failed to adequately

warn him of the risks of the transaction. As to Kasowitz, he claims the firm negligently drafted affirmative defenses in the New York litigation and failed to advise him of viable claims against Simpson for malpractice. Both firms moved to stay or abate the action, arguing that Mariano's claims were premature because the underlying litigation was still ongoing. The trial court denied the motions, and Kasowitz timely filed this petition.

A claim of legal malpractice generally does not accrue until the underlying litigation is resolved with an adverse outcome to the client. *See Perez-Abreu, Zamora & De La Fe, P.A. v. Taracido*, 790 So. 2d 1051, 1054 (Fla. 2001) (citing *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001)); *Silvestrone v. Edell*, 721 So. 2d 1173, 1175 (Fla. 1998). If the client files a complaint while the underlying litigation is pending, the case should be abated upon a showing that the outcome of the underlying litigation will determine whether the client incurred any damages as a proximate cause of the alleged malpractice. *See Perez-Abreu*, 790 So. 2d at 1054; *Burgess v. Lippman*, 929 So. 2d 1097, 1098 (Fla. 4th DCA 2006).

Here, Mariano's claims against Kasowitz should have been abated because the outcome of the underlying litigation will determine whether Mariano incurred any damages as a proximate result of Kasowitz's alleged instances of malpractice. More specifically, the outcome of the New York litigation will determine whether Mariano incurred damages as a result of Kasowitz's alleged malpractice in drafting the affirmative defenses, and the outcome of the malpractice claims against Simpson will determine whether he incurred damages as a result of Kasowitz's alleged malpractice in failing to advise him that he had viable claims.

Accordingly, we grant the petition for writ of certiorari and quash the order denying the motion to stay or abate as to Kasowitz.

GROSS, GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***