DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

BULLINGTON INSURANCE GROUP, LLC,

Petitioner,

v.

EARL JOSEPH GORDON and
ASCENDANT COMMERCIAL INSURANCE, INC.,

Respondents.

No. 2D2025-0948
_____

January 23, 2026

Petition for Writ of Certiorari to the Circuit Court for Pasco County;
Kemba Johnson Lewis, Judge.

Christian M. Gunneson and Matthew R. Stersic of Freeman Mathis &
Gary, LLP, Tampa, for Petitioner.

Brandon Cathey and Stephanie Miles of Cathey & Miles, P.A., St.
Petersburg, for Respondent Earl Joseph Gordon.

No appearance for remaining Respondent.

SILBERMAN, Judge.

Bullington Insurance Group, LLC, seeks certiorari review of an
order denying its motion to dismiss. We agree with Bullington that the
trial court departed from the essential requirements of law in failing to
follow this court's decision in *Wells Fargo Insurance Services USA, Inc. v.
Blackshear*, 136 So. 3d 1235 (Fla. 2d DCA 2014), and grant the petition.

## I. BACKGROUND

This case arises from an auto accident involving Earl Gordon, who was employed as a driver for SMJP, Inc., at the time of the accident. Mr. Gordon and SMJP were sued for damages related to the accident, but neither party appeared in that case and default judgments were entered against them. Ascendant Commercial Insurance provided vehicle insurance to SMJP, and Bullington acted as the insurance broker. When Mr. Gordon started his employment with SMJP, Bullington emailed Ascendant requesting that Mr. Gordon be added to the policy. Although Ascendant issued a confirmation that Mr. Gordon was added to the policy, the policy renewed shortly thereafter without listing Mr. Gordon as a driver, and he was not listed on the policy at the time of the accident.

Mr. Gordon filed an amended complaint against Bullington and Ascendant for breach of contract (Ascendant), negligence (Bullington), and reformation of the insurance policy. Bullington moved to dismiss the complaint, arguing that Mr. Gordon could not proceed with claims against Bullington without first concluding his coverage dispute with Ascendant. After a hearing on the motion to dismiss, the trial court entered a written order denying the motion to dismiss. Bullington now seeks certiorari review of that order.

## II. DISCUSSION

As the party seeking certiorari relief, Bullington "must establish '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.' " *Hopf v. Kaszuba*, 376 So. 3d 105, 106 (Fla. 2d DCA 2023) (quoting *Halsey v. Hoffman*, 362 So. 3d 274, 276 (Fla. 2d DCA 2023)). Bullington has established all three elements.

This court has previously granted certiorari relief in a similar case. In *Blackshear*, Dr. Blackshear filed a complaint against his disability insurer after the insurer denied his disability claim based on its finding that he was not eligible for total disability. 136 So. 3d at 1236. The complaint also alleged a count against his insurance agent and the agent's company, Wells Fargo, for negligently misrepresenting what would be covered under the policy. *Id.* at 1236-37. Wells Fargo unsuccessfully moved to dismiss or stay/abate the count against it until Dr. Blackshear's claims against the insurer were resolved. *Id.* at 1237.

This court held that "the trial court departed from the essential requirements of law in denying Wells Fargo's motion to dismiss or stay/abate count five" since Dr. Blackshear's count against Wells Fargo was premature. *Id.* at 1238. This court reasoned that "Dr. Blackshear's count against Wells Fargo is dependent upon a determination that his disability claim is not covered under his policies with UNUM, and until the action against UNUM is resolved in UNUM's favor and against Dr. Blackshear, Dr. Blackshear's count against Wells Fargo is premature." *Id.*

In this case, Mr. Gordon's count against Bullington is dependent upon a determination that his auto accident is not covered under his employer's policy with Ascendant. If a court determines that the accident was covered under the policy with Ascendant, Mr. Gordon will have no claim against Bullington. As such, until his action against Ascendant is resolved in Ascendant's favor and against Mr. Gordon, his count against Bullington is premature.

Mr. Gordon attempts to distinguish *Blackshear* by noting that a judgment has been entered against him in the auto accident lawsuit. But this prior judgment does not affect the reasoning in *Blackshear*. Mr.

3

Gordon's breach of contract claim against Ascendant and his claim for reformation of the policy remain pending. Under *Blackshear*, until these actions are resolved, Mr. Gordon's count against Bullington is premature. *See id.*

Finally, we note that in *Blackshear*, this court held that "the appropriate remedy is a dismissal . . . without prejudice, rather than an abatement of the count." *Id.* at 1239. Although Mr. Gordon points to several cases holding that the abatement of an action is appropriate, those cases involve bad faith claims. *See Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1230 (Fla. 2016) ("[A]n insured is entitled to a jury determination of liability and the full extent of his or her damages, which may be in excess of the policy limits, in the underlying UM case, prior to litigating a first-party bad faith cause of action."); *Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005) ("[W]here the coverage and bad faith actions are initiated simultaneously, the courts should employ existing tools, such as the abatement of actions and in-camera inspection, to ensure full and fair discovery in both causes of action."); *Vanguard Fire & Cas. Co. v. Golmon*, 955 So. 2d 591, 595 (Fla. 1st DCA 2006) (noting that a "trial court has authority to abate the statutory claims, rather than to dismiss them, if it appears to the court that abatement would be in the interest of judicial economy").

*Blackshear* was decided nine years after *Ruiz* and specifically held that a dismissal without prejudice was the appropriate remedy, rather than abatement. 136 So. 3d at 1239. In *Fridman* and similar cases involving bad faith claims, the insured brought a UM action and a bad faith cause of action against the same insurer, and therefore, abatement of one claim was the appropriate remedy. 185 So. 3d at 1215. Here, Bullington and Ascendant are separate entities.

4

Accordingly, we grant the petition for writ of certiorari and quash the trial court's order.

Petition granted.

LaROSE and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.